### EMMA GARDELL v. JACOB GARDELL.

#### Decided March 1, 1906.

**1.—Calling Case out of Regular Order—Articles 1280 and 1287, Revised Statutes, Construed.**

By oral order the judge announced that he would take up the divorce docket on appearance day of the following term; this order was repeated on the first day of the following term. Of this order counsel for a nonresident defendant in a divorce suit had no knowledge. On appearance day the case was called peremptorily in the absence of defendant and her counsel, and resulted in judgment of divorce for plaintiff. On motion for new trial it was made to appear that the docket was crowded and this case would not have been reached in its regular order for a month or more; that for years a rule had existed whereby the judge would set the cases on the civil docket by appropriate order, and it was customary to fix some day for trial of divorce cases. Held, that under articles 1280 and 1287, of the Revised Statutes, cases must be called in their order on the docket, unless set for some other time by agreement, or proper order of the court, and the motion for new trial should have been granted.

**2.—Abandonment—Adultery—Proof.**

Evidence considered, and held of doubtful sufficiency to support a charge of abandonment and adultery.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Crook & Harris* and *I. W. Lawhon,* for appellant.—A motion for new trial should be granted where a case is set and tried out of its regular order on the docket of the court without the knowledge or consent of one of the parties to the suit, such party not being guilty of any negligence, and it is shown that he is injured by the trial of the case out of its regular order. Rev. Stats., art. 1287; Bostwick v. Bostwick, 73 Texas 182 (11 S. W. Rep., 178); Missouri Pacific Ry. Co. v. Shuford, 72 Texas, 165; Allyn v. Wallis, 65 Texas, 70.

Where a party to a suit fails to be present at the trial and defend, and files a motion for new trial promptly within the time required by law, showing a meritorious defense, and that great injustice will be done if a new trial is not granted, and that such party has been guilty of no negligence, the judgment should be set aside and a new trial granted. Bostwick v. Bostwick, 73 Texas, 187; Springer v. Gillespie, 56 S. W. Rep., 369; Dowell v. Winters, 20 Texas, 794; Sedberry v. Jones, 42 Texas, 10; Spencer v. Kinnard, 12 Texas, 187; Goodhue v. Meyers & Co., 58 Texas, 405.

To constitute abandonment a ground for divorce, it must be shown by full and satisfactory proof that the party charged with the abandonment voluntarily separated from the other without justification and with the intention of not returning, and the intention to abandon and an

actual separation must concur for the full period of the three years. Rev. Stats., arts. 2977, 2979; Pinkard v. Pinkard, 14 Texas, 356; McGowen v. McGowen, 52 Texas, 657; Besch v. Besch, 27 Texas, 390; Hannig v. Hannig, 24 S. W. Rep., 695; Williams v. Williams, 27 Am. St. Rep., 517; Ingersoll v. Ingersoll, 88 Am. Dec., 500; Law of Married Women in Texas, par. 335.

Where adultery on the part of the wife is alleged by the husband as grounds for divorce, the burden is on the husband to support the allegations, and the evidence must be full, strict and satisfactory. Rev. Stats., art. 2977, 2979; Trevino v. Trevino, 54 Texas, 264; Johnson v. Johnson, 23 S. W. Rep., 1022; Burney v. Burney, 32 S. W. Rep., 328; Murray v. Murray, 66 Texas, 207; Williams v. Williams, 67 Texas, 198; Law of Married Women in Texas, pars. 347-348.

*Smith, Crawford & Sonfield,* for appellee.—The court has a right to set the divorce docket peremptorily for trial on a certain day, and it is proper to make this order in open court on the first day of the term, and when so made and all the cases on the divorce docket are set for a day certain and regularly called in their order on that day, it is a strict compliance with the statute. Bostwick v. Bostwick, 73 Texas, 187; Art. 1287, Sayles' Revised Statutes.

GILL, CHIEF JUSTICE.—On September 16, 1904, Jacob Gardell sued his wife, Emma Gardell, for divorce. The suit was brought in Jefferson County where plaintiff resided, and service was had on defendant on —— day of September, 1904, at Manistee, Michigan, where she then was. She employed to represent her Crook & Harris and I. W. Lawhon, members of the Jefferson County bar residing at the county site. The grounds upon which plaintiff predicated his right to a decree were abandonment and adultery. Defendant's attorneys filed for her a general demurrer and general denial. This answer was filed December 10, 1904, two days before the court convened for the term at which the cause was tried. On the 13th day of December, 1904, which was appearance day, the case was called peremptorily. The plaintiff appeared in person and by attorneys and announced ready for trial. The defendant was in Michigan and her attorneys were not present in court and knew nothing of the call of the case.

The cause proceeded to trial without a jury, and the court upon the evidence of plaintiff and his adult daughter, who testified upon both issues, rendered judgment for divorce. Within two days the defendant's attorneys filed a motion for a new trial, at the hearing of which the following was made to appear:

At that term of the court the civil docket was large, there being much old business and many new cases ahead of this case in its order upon the docket. The volume of this business was such that had it been called and disposed of in its order this case would not have been reached in a month or six weeks after the beginning of the term.

There had existed for years a rule of the court whereby the judge would by an appropriate order set the various cases on the civil docket, and it had also been customary to fix some day of the term for the disposition of divorce cases without designating them by style and number.

On the 3d day of December, 1904, which was the last day of the previous term, the court orally announced to the lawyers present that he would take up the divorce docket on appearance day the following term. On the 12th day of December, 1904, which was the first day of the following term, he repeated the oral announcement, but in neither instance was an order entered to that effect. The defendant's attorneys were not present on either occasion. A firm who made it their business to keep advised as to the setting of cases and to advise others for a consideration, were not apprised of the announcement. Defendant's attorneys were patrons of this firm. The announcement was not bulletined, and in no way came to the knowledge of defendant's attorneys.

The cause was the last upon the "divorce docket," but at the time it was called all divorce cases preceding it on the docket had been disposed of by trial, postponement or continuance.

The defendant had taken no depositions and summoned no witnesses, having acted upon the belief that there was ample time to do so.

The motion also alleged a meritorious defense. No property was involved in the litigation.

The trial court overruled the motion and defendant has appealed.

It is insisted, (1) that the court erred in taking the case up out of its order and disposing of it in the absence of defendant or her counsel. (2) The court should have granted a new trial upon the showing made.

By article 1280 of the Revised Statutes the second day of the term is made appearance day at which, by the terms of the succeeding article, all cases returnable to that term must be called. The absence of an answer justifies a judgment by default. If an answer is filed the case is passed for trial in its order upon the docket subject to such setting as may be made either by agreement or proper order of the court.

By article 1287 it is provided that all suits which have not been disposed of by default shall be called for trial in the order in which they stand on the docket, unless otherwise ordered by the court.

In construing these articles it has been held that an established practice to take up cases and dispose of them out of their consecutive order does not supply the absence of the order contemplated by the statute. (Bostwick v. Bostwick, 73 Texas, 182.) In that case a suit for divorce against a duly served nonresident was taken up and tried on appearance day, there being no answer in, and it was held that a timely motion for new trial should have been granted. The case is in point and must control the disposition of this appeal.

The case under consideration has much more to commend it than the case cited. Here there was no order entered setting divorce cases. There was no order of any character setting this particular case.

If custom or established practice be considered, it is nevertheless true that it is not made to appear that on any former occasion had the divorce cases been set down for peremptory call as early as appearance day of the term to which they were returnable. The defendant was a nonresident. The charges in one count of the petition would, if established, brand the defendant with shame and infamy. The showing made is that though without funds and earning her own livelihood, she was yet willing and anxious to repel the charge and had not only employed Texas attorneys, but also a law firm in Michigan to defend her. In divorce

cases the interests of society are also involved, and the courts, instead of discouraging, should welcome a contest and thus dispel all suspicion of collusion or fraud. It was held in Bostwick's case, *supra,* that the defendant in a divorce case might appear and defend without an answer.

The judgment in this case is predicated upon evidence of doubtful sufficiency. The proof of three years abandonment is by no means satisfactory when it is borne in mind that the time must be computed from the date of the forming of the intent to abandon. The evidence of adultery bears many marks of hearsay. The plaintiff takes the position that his wife's shame renders it impossible for him to live with her again. After he left Manistee the last time, he wrote her several letters insisting that she come to Texas and resume her duties as his wife. The inference therefore is almost inevitable that the knowledge of her misconduct was brought to him after he left Manistee, and therefore must be based upon hearsay.

The daughter, while declaring that she knows the defendant is living in open shame with Widen in Manistee, Michigan, does not testify that she, the witness, has ever been in Michigan since her father left in 1903, and the last part of her statement to the effect that she has received letters advising her as to defendant's conduct strongly supports the inference that her testimony is based upon hearsay.

It is a fair inference from the record as it stands that had defendant's counsel been present they might have disclosed, by cross-examination of the two witnesses, that three years had not elapsed since the date of the purpose to abandon, and also that the daughter of plaintiff, though honestly believing that every word she uttered was true, had no knowledge upon the issue except through hearsay.

We can not close these comments upon the evidence without remarking upon the apparent sincerity, candor and honesty of the plaintiff and his daughter as evidenced by their testimony. It contains no hint of fraud. But the proof to justify a decree of divorce should be full and satisfactory. (Rev. Stats., art. 2979.) No less as to the means of knowledge of the witnesses than to their credibility.

We are of opinion that upon the whole case the defendant's attorneys were excusable for their failure to be present at the trial of this cause, and that the trial court erred in overruling the motion for new trial.

For the reasons given the judgment is reversed and the cause remanded.

*Reversed and remanded.*