**Larry G. BROADDUS and M. Lee Coleman, Appellants,**

v.

**FIRST STATE BANK OF BRYSON, Texas, Appellee.**

No. 18416.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 11, 1980.

Rehearing Denied Oct. 9, 1980.

Winstead, McGuire, Sechrest & Trimble, and W. Mike Baggett and Donald F. Hawbaker, Dallas, for appellants.

Jennings, Montgomery, Dies & Turner, and Elton Montgomery, Graham, for appellee.

OPINION

ON MOTION FOR SUMMARY REMAND BECAUSE OF INABILITY OF APPELLANTS TO OBTAIN STATEMENT OF FACTS

MASSEY, Chief Justice.

On January 31, 1977 verdict was directed by the court in favor of plaintiff, First State Bank of Bryson, against the defendants, Larry G. Broaddus and M. Lee Coleman, on one or more of several notes upon which the bank had declared.

For some reason judgment on the directed verdict was not rendered, or in any event was not entered, until date of May 21, 1980. Therefrom the defendants instituted appeal, and made formal requests of the Official Court Reporter for a Statement of Facts for use in connection therewith.

By affidavit of the reporter (caused to be made an exhibit in the Transcript) was shown that after the elapse of the three (3) year period from January 31, 1977, the last date any testimony in the case had been taken, the reporter's notes of the testimony elicited on the trial had been destroyed, with no available copy; that because thereof there was inability to comply with the request of defendants for preparation of a statement of facts.

On the strength of this showing the defendants, moved for reversal of the judgment because of the inability to obtain the statement of facts to which they were entitled—as essential to complaints desired to be made on appeal.

We reverse the judgment and remand cause for retrial.

By Tex.Rev.Civ.Stat.Ann. Art. 2324, "Duty of Reporter", (Supp.1980), the Official Court Reporter is commanded to "Preserve all shorthand notes taken in said court for future use or reference for three full years . . . ." In other words the reporter is free to destroy the shorthand notes of the testimony after holding them for three years. (There is question whether the three year period begins the day following that on which testimony might have lastly been introduced, though for our purposes the question is immaterial.) Tex.R.Civ.P. 376b, "Duties of Reporters", contains nothing relative to the period for preservation of the reporter's notes, and by necessary implication reference is to be made to Art. 2324.

By contest of the motion the question is posed: "When a court reporter has fully complied with his or her duties pursuant to Rule 376b of the Texas Rules of Civil Procedure and Article 2324 of the Revised Civil Statutes of Texas and a Statement of Facts is nonetheless unavailable, who suffers the consequences of an 'incomplete record' on appeal ___ the Appellants or the Appellee?"

From the presentation of the bank and its attorneys they believe what occurred was deliberate on the part of the defendants; that, observing that there had been no entry of the judgment and being well acquainted with the law, defendants discovered the custom of the reporter to destroy her notes and then delayed until satisfied that there had been such a destruction of the reporter's notes on the trial of this case; and thereafter caused entry of the judgment.

By belief of the bank and its attorneys we can appreciate their dismay; however, it is ordinarily a litigant who has prevailed and is therefore entitled to judgment who has the greater interest in its entry. Usually the one exposed to liability by judgment, is happy to see entry deferred. It is certainly no part of the duty of one who will be exposed to liability upon entry of the judgment to accelerate action by the court.

We perceive no principle of equity which could have application to existent circumstances in impairment of the defendant's right to have the judgment reversed because of their inability to obtain a statement of facts.

Judgment is reversed, with the cause remanded for trial.