Paula VICKERS, Appellant,

v.

SUNRISE LUMBER COMPANY (a Texas Corporation) and Duncan Wholesale Lumber, Appellees.

No. 08–88–00102–CV.

Court of Appeals of Texas, El Paso.

Oct. 19, 1988.

Rehearing Denied Nov. 30, 1988.

Bonnie C. Ericson, Seminole, for appellant.

Russell D. Daves, Lubbock, for appellees.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

OPINION

FULLER, Justice.

Appellant, Paula Vickers, appeals from an adverse jury verdict. The official court reporter was unable to furnish a statement of facts. We reverse and remand for a new trial.

Appellant's only point of error asserts that she is entitled to a new trial because of the inability to obtain a statement of facts of the trial.

The court reporter for the 106th District Court did record the evidence in jury trial. Judgment was signed for Appellees on January 26, 1988. The court reporter underwent double bypass surgery on January 28, 1988. In preparation for the unknown, he had inadvertently thrown out his stenographic notes in the trash and therefore could not prepare a statement of facts. Request was then made of the trial judge for a statement of facts in question and answer form but the trial judge was unable to do so.

Appellees contend that Appellant did not attempt to obtain a statement of facts reconstructed by agreement of the parties. Tex.R.App.P. 50 (Vernon 1988 Special Pamphlet). Rule 50(e) provides that when a record or portion thereof is lost or destroyed, "[i]f the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial *unless the parties agree on a statement of facts.*" [Emphasis ours].

Appellant made a timely request for a statement of facts. Tex.R.App.P. 53(a) (Vernon 1988 Special Pamphlet). Strict compliance with Rule 50(e) as to an alternate attempt to get record is not strictly enforced. *Flowers v. Flowers,* 585 S.W.2d 334 (Tex.Civ.App.—Dallas 1979, no writ); *Parrish v. Johnson,* 599 S.W.2d 361 (Tex. Civ.App.—Fort Worth 1980, writ ref'd n.r. e.). Through no fault of the Appellant, the statement of facts was unavailable. We find that she was entitled to preserve her right to have her case reviewed on appeal and this cannot be done without a record.

We sustain Appellant's point of error.

We reverse the judgment of the trial court and remand the case for new trial.