HIDALGO, CHAMBERS & COMPANY, et al., Appellants,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its Capacity as Receiver for the Former Western Bank–Westheimer, Appellee.

No. 10–89–153–CV.

Court of Appeals of Texas, Waco.

March 22, 1990.

Rehearing Denied May 3, 1990.

Allen B. Daniels, Daniels, Gambill & Collins, Houston, for appellants.

David Lee Crawford, Lackshin & Nathan, Houston, for appellee.

## OPINION

THOMAS, Chief Justice.

The question is whether Rule 50(e) of the Rules of Appellate Procedure authorizes the trial court to substitute documents for lost exhibits in a statement of facts without the appellant's agreement. *See* TEX.R. APP.P. 50(e). The holding is that the trial court does not have such authority.

On January 10, 1989, Federal Deposit Insurance Corporation (FDIC), as receiver of the former Western Bank–Westheimer, recovered a $245,609 judgment against Hidalgo, Chambers & Company, Hidalgo, Chambers & Associates, P.C., and Harold Hidalgo and Jerry Chambers (Hidalgo and Chambers). Hidalgo and Chambers timely perfected an appeal on April 7, the transcript was filed on April 24, but the time limit for filing the statement of facts was extended to July 10.

On July 10, Hidalgo and Chambers filed a "Pronouncement of Lost Record and Motion to Reverse and Remand," claiming they could not file a complete statement of facts within the extended time limit because all trial exhibits were lost. Affidavits from the court reporter, the district clerk, and the deputy district clerk verifying that the exhibits are lost were attached to the pleading. Hidalgo and Chambers stated that they had not agreed on the substitution of other documents for the lost exhibits, and asked that this court reverse the judgment and remand the cause for a new trial under Rule 50(e). *See id.*

On July 25 FDIC filed a "Suggestion of Necessity for Supplemental Record Pursuant to Rule 55, or, In the Alternative Motion for Extension of Time Pursuant to Rule 73." In this pleading FDIC admits that Hidalgo and Chambers had not agreed on the substitution of copies for the lost exhibits, and asserts that it had tendered documents to the trial court as proposed substitutions for the lost exhibits. FDIC

further alleged that on July 24 the trial court substituted the tendered documents for the lost exhibits. However, FDIC asked for a thirty-day extension to allow the statement of facts to be filed with the substituted exhibits.

On July 26 FDIC filed a "Response to Appellants' Pronouncement of Lost Record and Motion to Reverse and Remand" in which it admits that the original exhibits were lost, alleges that Hidalgo and Chambers have simply refused to reach an agreement on the substitution of the copies, and asserts that it was able to "almost completely reconstruct the missing documents." Attached to the pleading is an unsigned copy of an order by the trial court certifying various documents as "authentic duplicates of the missing trial exhibits."

On August 2 Hidalgo and Chambers filed "Appellant's Counter–Response to Appellee's Response to Appellant's Pronouncement of Lost Record and Motion to Reverse and Remand." In this pleading they state that they had not agreed to the trial court's substitution of the documents tendered by FDIC at the July 24 hearing because thirteen of the lost exhibits had not been duplicated. Hidalgo and Chambers re-urged their motion to reverse and remand under Rule 50(e).

Rule 50(e) of the Rules of Appellate Procedure provides:

(e) **Lost or Destroyed Record.** When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, *the appellant is entitled to a new trial unless the parties agree on a statement of facts.*

*Id.* (emphasis added).

FDIC contends the first sentence of Rule 50(e) gave the trial court the authority to substitute copies for the lost exhibits without the appellants' agreement. However,

Hidalgo and Chambers argue they are entitled to a new trial under the second sentence because they did not agree to the substitution of the documents for the lost exhibits and, thus, did not agree on a statement of facts. Hidalgo and Chambers are correct in their interpretation.

■ Procedural rules have the same force and effect as statutes. *Missouri Pacific Railroad Company v. Cross*, 501 S.W.2d 868, 872 (Tex.1973). Therefore, they should be interpreted under the rules that govern statutory interpretation. The primary goal of interpretation is to determine what the enacting body intended. *See Knight v. Intern. Harvester Credit Corp.*, 627 S.W.2d 382, 384 (Tex.1982). Here, the goal is to determine what the Texas Supreme Court and the Court of Criminal Appeals intended when they enacted Rule 50(e). Another basic rule of interpretation is that the statute, or the rule in this instance, must be interpreted so as to harmonize and give effect, if possible, to all of its parts. *Martin v. Sheppard*, 129 Tex. 110, 102 S.W.2d 1036, 1039 (1937).

The first sentence of Rule 50(e) was derived from the last sentence of article 44.11 of the Rules of Criminal Procedure. *See* Tex.R.Crim.Proc.Ann. art. 44.11 (Vernon 1979). Its purpose is to enable the trial court to act after the appellate court has acquired jurisdiction. *See Navarro v. State*, 141 Tex.Crim. 196, 147 S.W.2d 1081, 1084 (1941) (on rehearing) (holding that the only thing the trial court can do after the appellate court acquires jurisdiction is substitute lost or destroyed records). However, the second sentence of Rule 50(e) is entirely new.

If the trial court has authority under the first sentence to substitute a statement of facts without the appellant's agreement, as FDIC contends, then the second sentence is useless and ineffective. This result could not have been intended by the enacting authorities. *See Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 551 (Tex. 1981) (holding that the enacting authority cannot be presumed to do a useless act). However, the two sentences can be interpreted in a way that both are given effect.

As already noted, the purpose of the first sentence is to grant the trial court specific authority to perform an act (substitute the lost or destroyed record) after it loses jurisdiction. *See Navarro*, 147 S.W.2d at 1084. This authority becomes operative, as far as the statement of facts is concerned, when the parties agree on a statement of facts under the second sentence.

■ The second sentence is clear and unambiguous. It expressly entitles an appellant to a new trial if: (1) he has made a timely request for a statement of facts; (2) the court reporter's notes and records have been lost or destroyed without the appellant's fault; and (3) the parties cannot agree on a statement of facts. These are the only pre-conditions to a new trial. Moreover, the second sentence does not qualify or circumscribe the appellant's right to disagree on a statement of facts; it does not require the disagreement to be based on reasonable grounds or allow the trial court or the appellate court to review the reason for the disagreement.

FDIC argues that such an interpretation removes any "incentive" for an appellant ever to agree on a statement of facts and, in effect, gives the appellant a "windfall." This result is certainly possible, if not probable. However, considering that the appellant was not responsible for the lost record and the disastrous consequences of having to appeal on an incomplete or inaccurate statement of facts, one cannot say that the Court of Criminal Appeals and the Texas Supreme Court did not clearly intend to protect the appellant from having to appeal on a statement of facts to which he had not agreed. When the meaning is clear and unambiguous, as here, the rule is entitled to a literal interpretation unless it would lead to absurdities or injustices and defeat the intent of the enacting body. *See Brazos River Authority v. City of Graham*, 163 Tex. 167, 354 S.W.2d 99, 109 (1961). The result predicted by FDIC cannot be considered unjust, unreasonable, mischievous or violative of the enacting authorities' clear intent, and thus engrafting limitations on the appellant's right to disagree cannot be permitted under the guise of

judicial interpretation. Furthermore, this court cannot consider the wisdom of the second sentence. *See State v. Jackson,* 376 S.W.2d 341, 346 (Tex.1964).

■ Several facts are undisputed in the record: (1) Hidalgo and Chambers made a timely request to the court reporter for the statement of facts; (2) the original exhibits were lost without their fault; and (3) they have not agreed on a statement of facts. These facts are admitted by FDIC. Thus, Hidalgo and Chambers have established the three pre-conditions as a matter of law, and they are entitled under Rule 50(e) to have the judgment reversed and the cause remanded for a new trial. *See Vickers v. Sunrise Lumber Co.,* 759 S.W.2d 747, 748 (Tex.App.—El Paso 1988, writ denied).

The Fort Worth Court of Appeals in *Mead v. State,* 759 S.W.2d 437, 443 (Tex. App.—Fort Worth 1988, no writ), held that a trial court had the authority under Rule 50(e) to substitute lost records without the appellant's agreement. One cannot tell from the opinion whether the original records, which had been excluded from evidence in the trial court, were in an informal or formal bill of exceptions. *See* TEX.R. APP.P. 52(b), (c).[1] However, because the court of appeals noted that the "material substituted was a lost or destroyed portion of the record other than the statement of facts," the original and substituted records must have been included in a formal bill in the transcript. *See Mead,* 759 S.W.2d at 443. Thus, the holding in *Mead* does not conflict with this holding, as the trial court in *Mead* did not substitute lost records in a statement of facts without the appellant's agreement.

Hidalgo's and Chambers' motion to reverse and remand is granted. FDIC's motion for an extension of time to file a statement of facts is denied. The judgment is reversed and the cause is remanded for a new trial.

---

**1.** An informal bill is included in the statement of facts, and a formal bill is a part of the transcript. TEX.R.APP.P. 52(b), (c)(11).