Chase Oil & Gas v. Mexia Gas 






NO. 10-90-009-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          CHASE OIL AND GAS LTD. - HILL PIPELINE, 
          ET AL,
                                                                                            Appellants
          v.

          MEXIA GAS COMPANY,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 13th Judicial District Court
Navarro County, Texas
Trial Court #108-89

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellants, Chase Oil and Gas Ltd.-Hill Pipeline and Eli Rebich, have filed motions to
remand this case for a new trial based upon the affidavit of Sherry Dearen, the former official
court reporter for the 13th District Court, that the documents and exhibits introduced into evidence
at trial have been lost and cannot be located despite a diligent search. Dearen filed the affidavit
after this court granted a writ of mandamus directing her to prepare and deliver a statement of
facts. The District Clerk of Navarro County also filed an affidavit stating that neither she nor her
staff were able to locate the exhibits after a diligent search. 
          In the event of a lost or destroyed record and the parties cannot agree on a statement of
facts, an appellant is entitled to a new trial if the statement of facts was timely requested and the
records have been lost or destroyed without appellant's fault. Tex. R. Civ. App. 50(e).
          Neither Chase Oil nor Rebich has agreed to the reproduction of any trial exhibits or to the
submission of substitute exhibits to this court. The record reveals that the exhibits have been lost
or destroyed through no fault of Chase Oil or Rebich. Appellants timely requested the preparation
of the statement of facts. The pre-conditions of Rule 50(e) having been met, Appellants' motions
for remand are granted. See id.; Hidalgo, Chambers & Co. v. FDIC, 790 S.W.2d 700, 701-703 
(Tex. App.--Waco 1990, writ denied). The judgment is reversed and the cause is remanded for
a new trial. See Vickers v. Sunrise Lumber Co., 759 S.W.2d 747, 748 (Tex. App.--El Paso 1988,
writ denied). 

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas, Justice Cummings
           and Justice Vance
Reversed and Remanded
Opinion delivered and filed January 31, 1991
Do not publish