SPIVA-final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-405-CV





TEXAS STATE BOARD OF MEDICAL EXAMINERS AND


DR. G. VALTER BRINDLEY, JR.,



 APPELLANTS


vs.





DEBORAH A. SPIVA, M.D.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 410,605, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 





 This is an action for judicial review of the Texas State Board of Medical
Examiners' (the "Board") order revoking Deborah A. Spiva's license to practice medicine. The
district court reversed the Board's decision, declared the Board's order null and void, reinstated
Spiva's license, and enjoined the Board from bringing any further actions against Spiva in regard
to matters known to the Board at the time of the original suspension of Spiva's license. The Board
appeals this judgment. (1) We will reverse the district court's judgment.



BACKGROUND


 In February 1986, the Board, after conducting an emergency hearing, temporarily
suspended Spiva's license to practice medicine. In June 1986, Spiva obtained a temporary
injunction in the district court staying the temporary suspension. In June and July 1986, the
Board conducted a formal administrative hearing on whether to revoke Spiva's medical license. 
The Board found Spiva had failed to practice medicine in an acceptable manner consistent with
the public health and welfare. See Medical Practices Act, Tex. Rev. Civ. Stat. Ann. art. 4495b,
§§ 3.08(18), (19), 4.01(a) (West Supp. 1993). By order dated December 3, 1986, the Board
permanently revoked Spiva's license.

 Spiva then sought judicial review of the Board's order in the district court of Travis
County. See Medical Practices Act, Tex. Rev. Civ. Stat. Ann. art. 4495b, § 4.09 (West Supp.
1993); Administrative Procedure and Texas Register Act ("APTRA"), Tex. Rev. Civ. Stat. Ann.
art. 6252-13a, § 19 (West Supp. 1993). The district court heard argument on May 15, 1987. On
January 3, 1990, the district court announced its ruling by letter to counsel. The letter directed
Spiva's counsel to prepare an appropriate order. The district court found that due-process
violations in the administrative proceedings warranted reversal of the Board's order. The district
court did not sign a final judgment until April 20, 1992. The judgment reversed the Board's
order, declared the order and the Board's findings of fact null and void, reinstated Spiva's license
retroactively to January 1986, and enjoined the Board from taking action against Spiva based on
facts known to the Board at the time of the original suspension. By the date judgment was
rendered, the court reporter had destroyed the records from the May 1987 hearing and could not
produce a statement of facts. See Tex. Gov't Code Ann. § 52.046(a)(4) (West 1988). The Board
appeals the district court's judgment.



DISCUSSION


 The Board brings two points of error. In its second point of error, the Board urges
that a new trial is necessary because the statement of facts from the May 1987 hearing has been
lost or destroyed through no fault of the Board. We agree. Absent a statement of facts, the
record on appeal fails to demonstrate that the administrative record has been properly offered and
admitted into evidence as an exhibit. See APTRA § 19(d)(3); Snead v. Texas State Bd. of Medical
Examiners, 753 S.W.2d 809, 810 (Tex. App.--Austin 1988, no writ); Southern Union Gas Co. v.
Railroad Comm'n, 701 S.W.2d 277, 279 (Tex. App.--Austin 1985, writ ref'd n.r.e.) (Chief Justice
Shannon, concurring).

 Texas Rule of Appellate Procedure 50(e) states, in part, "If the appellant has made
a timely request for a statement of facts, but the court reporter's notes and records have been lost
or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties
agree on a statement of facts." (Emphasis added).

 In the immediate cause, the district court rendered its judgment on April 20, 1992. 
The Board first requested a statement of facts on May 19, 1992. This request was timely. See
Tex. R. App. P. 53(a). On May 1, 1991, after the duty to preserve the records under
Government Code section 52.046 had expired, the court reporter destroyed the notes and records
of the May 1987 hearing. The Board has satisfied its burden to show that the record was in fact
destroyed by filing an affidavit of the court reporter stating that the notes are records had been
destroyed. Cf. Project Engineering USA Corp. v. Gator Hawk, Inc., 833 S.W.2d 717, 725 (Tex.
App.--Houston [1st Dist.] 1992, no writ) (affidavit stating that notes and record could not be
located was insufficient to prove loss or destruction). Accordingly, the statement of facts of the
May 1987 hearing was destroyed "without appellant's fault." Further, the parties have not agreed
to a statement of facts.

 Spiva urges that a new trial is not warranted because the facts could be
reconstructed easily by the attorneys who represented the Board at the May 1987 hearing. We
understand this argument to take issue with the Board's apparent refusal to agree to a statement
of facts. Given the clear language of Rule 50(e), the refusal of a party to agree to a statement of
facts need not be based on reasonable grounds nor may a court review the grounds for the
disagreement. Hidalgo, Chambers & Co. v. Federal Deposit Ins. Corp., 790 S.W.2d 700, 702
(Tex. App.--Waco 1990, writ denied); see also Vickers v. Sunrise Lumber Co., 759 S.W.2d 747,
748 (Tex. App.--El Paso 1988, writ denied).

 Spiva also argues that the Board was made aware of the nature of the district
court's ruling by the letter to counsel of January 3, 1990, and could have taken action then to
preserve the record. We cannot place fault on the Board for the destruction of the statement of
facts. Spiva, the prevailing party under the judgment, was expressly directed by the district court
to provide a written order. Only after the judgment was signed would the appellate timetable
begin. Tex. R. App. P. 5(b)(1). It was to Spiva's sole advantage to secure a final judgment. See
Broaddus v. First State Bank, 605 S.W.2d 735, 736 (Tex. Civ. App.--Fort Worth 1980, writ ref'd
n.r.e.). In the Broaddus case, the court rejected a contention that a new trial should not be
allowed because the losing party allowed a delay in the entry of judgment until after the court
reporter had destroyed the notes and records. Id. The court stated it is "no part of the duty of
one who will be exposed to liability upon entry of the judgment to accelerate action by the court." 
Id.; see also Hidalgo, Chambers & Co., 790 S.W.2d at 702-03.

 The elements of Rule 50(e) have been established: the Board made a timely request
for a statement of facts, the court reporter's notes and records were destroyed through no fault
of the Board, and the parties have not agreed to a statement of facts. Accordingly, we sustain the
Board's second point of error.

 In its first point of error, the Board contends the district court's action in declaring
the Board's order null and void was an invalid substitution of the district court's judgment for that
of the Board and violated the separation-of-powers doctrine. Because of our resolution of the
second point of error, we do not reach this point.



CONCLUSION


 We reverse the district-court judgment and remand the cause to the district court
for new trial.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Reversed and Remanded

Filed: July 7, 1993 

[Do Not Publish]

1.   The executive director of the Texas State Board of Medical Examiners, Dr. G.
Valter Brindley, Jr., was named as a party, in his official capacity, in Spiva's separate
cause for injunctive relief, Docket No. 397,939. This cause was consolidated with the
immediate cause in February 1987. Dr. Brindley, although named as an appellant in the
notice of appeal, has not sought any separate relief in this appeal. Accordingly, our
discussion in limited to the points of error raised by the Board.