IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-93-216-CV





LINDA FISCHEL PREWITT,



 APPELLANT


vs.





GARY AND DIANE CARGILE,



 APPELLEES



 




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 128,622-B, HONORABLE RICK MORRIS, JUDGE PRESIDING



 





PER CURIAM



 Appellant Linda Fischel Prewitt has filed a motion for rehearing urging that this
Court reverse the trial-court judgment and remand the cause because the trial exhibits have been
lost or destroyed. See Tex. R. App. P. 50(e); Owen-Illinois, Inc. v. Chatham, No.
B14-91-00539-CV (Tex. App.--Houston [14th Dist.] 1993, n.w.h.); Hidalgo, Chambers & Co. v.
Federal Deposit Ins. Corp., 790 S.W.2d 700, 702 (Tex. App.--Waco 1990, writ denied). We will
overrule the motion for rehearing without a reconsideration of the question whether Rule 50(e)
mandates a remand of the cause in this instance.

 In her motion, Prewitt asserts that, "[t]o adequately prosecute her appeal," she
intended to rely upon the provisions of a contract that was admitted into evidence "and of course,
this exhibit has been lost through no fault to the Appellant[,] which in turn, denies her right to
appeal." Prewitt seemingly overlooks her burden to prosecute her appeal. An appellate court
may dismiss an appeal for want of prosecution if an appellant fails to prosecute the appeal. Tex.
R. App. P. 54(a), 74(l)(1); Dickson v. Dickson, 541 S.W.2d 895, 896 (Tex. App.--Austin 1976,
writ dism'd w.o.j.).

 The Clerk of this Court filed the transcript in this cause on May 3, 1993, and
received the statement of facts on May 5th. Because the statement of facts was untimely, the
Clerk notified Prewitt, by postcard, that she should file a motion for extension of time. Tex. R.
App. P. 54(c), 73. Prewitt did not do so. Furthermore, she filed neither a brief nor a motion for
extension of time within which to file a brief.

 Accordingly, we overrule the motion for rehearing.


Before Justices Powers, Kidd and B. A. Smith

Filed: October 20, 1993

Do Not Publish