TRANSAMERICAN NATURAL GAS CORPORATION and TransTexas Gas Corporation, Appellants,

v.

The COASTAL CORPORATION; Coastal Gas Marketing Company; and Coastal Oil & Gas Corporation, Appellees.

No. 04–94–00412–CV.

Court of Appeals of Texas, San Antonio.

May 10, 1995.

C.M. Zaffirini, Guadalupe Castillo, Zaffirini, Castillo & Pellegrin, Laredo, John Nabors, Phil N. Sanov, Gardere & Wynne, L.L.P., Dallas, Ramon Garcia, Law Office of Ramon Garcia, P.C., Edinburg, and Jose "Chito" Vela, Jr., Vela & Perez, Laredo, for appellants.

Murray Fogler, McDade & Fogler, L.L.P., Houston, Eric B. Brown, the Coastal Corp., Houston, Charles R. Borchers, Person, Whitworth, Ramos, Borchers & Morales, Laredo, and Armando X. Lopez, Laredo, for appellees.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION ON APPELLANTS' MOTION TO REVERSE AND REMAND AND APPELLEES' MOTION TO SUPPLEMENT THE RECORD

STONE, Justice.

Pending before this court are a number of motions stemming from the considerable con-

fusion caused by the manner in which the parties' voluminous exhibits were handled at trial. Appellants (TransAmerican) have filed a motion to reverse and remand pursuant to rule 50(e) of the rules of appellate procedure,[1] a motion for extension of time to file appellants' brief (the briefing schedule is currently abated), and a motion to file a supplemental transcript. Appellees (Coastal) have filed a motion to supplement the record. The difficulty underlying these motions is that a portion of the statement of facts was mislaid for a period of time and the trial exhibits were never marked by the court reporter. Appellants contend that they are entitled to a new trial because a portion of the record is lost or destroyed through no fault of their own. Appellees respond that the entire record is available and request leave to supplement the record on appeal with those items that appellants contend are lost or destroyed.

On November 23, 1994, this court ordered the trial court to conduct a hearing to determine (1) whether the transcription of the statement of facts from a January 25, 1994 hearing is "lost" or "unavailable", and, if it is not, whether the transcription has been certified; (2) whether each of the exhibits appellees seek to include in the appellate record are true and correct copies of exhibits offered at trial, whether each was offered at trial, and whether any of the exhibits admitted at trial are missing; and (3) if any exhibits are missing, who is responsible for the deficiency in the record. We have now received the trial court's findings of fact and conclusions of law, as well as a statement of facts from the hearing held in compliance with this prior order.

We first consider the transcription of the statement of facts from a pretrial hearing held on January 25, 1994. We have received a copy of that transcription that is properly certified by the court reporter who reported that portion of the pretrial proceedings. The trial court states in its findings of fact that

this portion of the record was temporarily lost, but is not now lost or unavailable. This finding is supported by the record.

■ Rule 50(e) requires that a portion of the record be, in fact, lost or destroyed before the appellant is entitled to a new trial. *Owens–Illinois, Inc. v. Chatham*, 899 S.W.2d 722, 725 (Tex.App.—Houston [14th Dist.] 1995, n.w.h.) (on reh'g; not yet released for publication). Because the statement of facts from the January 25, 1994 was only temporarily mislaid and is not now lost or destroyed, appellants are not entitled to a new trial under rule 50(e). Appellees' request to supplement the record with this statement of facts is granted.

Concerning the trial exhibits, the trial court found that each of the trial exhibits in the possession of the district clerk is a true and correct trial exhibit from this cause and that each of the exhibits forwarded to this court is a true and correct trial exhibit from this cause. The court further states,

> Each of these exhibits were [*sic*] offered and admitted at the trial of this cause. The deputy official court reporter has compared all of the exhibits to the parties' exhibit lists and has reviewed the entire Statement of Facts. The exhibits to be forwarded to the Court of Appeals bear the original identification marks put thereon by the parties.

The trial court found that the parties, rather than the official court reporters, were responsible "for maintaining custody [of] and/or identifying their exhibits and insuring that their exhibits were offered and admitted as evidence." The parties were also responsible for tendering their own exhibits to the court at the conclusion of the trial. The trial court found that "to the extent that any party's exhibits are missing, that party would be responsible." These findings are supported by the record.

---

1. Rule 50(e) states:

    When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts. Tex.R.App.P. 50(e).

■ Again, rule 50(e) requires a showing that the portion of the record not transmitted on appeal is, in fact, lost or destroyed. *Chatham*, 899 S.W.2d at 726. The trial court determined that the original trial exhibits are not lost or destroyed (with the exception of specific exhibits discussed below). While it appears that the exhibits were not marked by the court reporters at trial, that failure does not render the exhibits lost or destroyed. Any complaint that the trial exhibits were not properly marked or identified by the court reporters at trial may be raised as a point of error to be addressed on the merits of this appeal. Because the original trial exhibits exist and have been transmitted to this court, appellants are not entitled to a new trial under rule 50(e). Appellees' request to supplement the record with these exhibits is granted.

The trial court found that a number of exhibits were identified on the parties' exhibit lists as having been admitted, but are currently missing. Those exhibits include Valero[2] exhibit 7 and TransAmerican exhibits 579, 790, 793, 796, 797, 798, 801, 802, 805, 807, and 810. The court further found that exhibits 2, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 (as marked at the January 6, 1995 hearing) are "exact and true and correct copies" of the missing TransAmerican exhibits. The trial court concluded that these documents may be substituted for the missing TransAmerican exhibits.

■ Appellants contend that the trial court cannot substitute copies of exhibits over their objection. The first sentence of rule 50(e) allows the trial court to substitute any portion of the record that is lost or destroyed. Tex.R.App.P. 50(e). The second sentence, however, states, "If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial *unless the parties agree* on a statement of facts." *Id.* (emphasis added). Courts of appeals have differed on the construction of these two sentences in the context of missing exhibits.

In *Hackney v. First State Bank*, 866 S.W.2d 59 (Tex.App.—Texarkana 1993, no writ), the case specifically relied upon by the trial court in the case at bar, the original trial exhibits were lost through no fault of appellant's. *Id.* at 61. The trial court ordered that the exhibits be replaced, even though appellant did not agree to the substitution. *Id.* The Texarkana court upheld the decision of the trial court, stating that to allow a losing party to refuse to accept substitution of exhibits when an original exhibit is lost "would hinder the goal of judicial economy and would not be in keeping with the purpose of Rule 50(e)." *Id.*

The court in *Hackney* noted that it is not enough to substitute exhibits that *might* have been presented to the jury; the lost exhibits must be replaced with identical or substantially similar documents. *Id.* at 61. In that case the court compared "the substituted documents to their corresponding descriptions in the original statement of facts" and concluded that they were substantially the same as the originals. *Id.* Appellant did not raise any serious doubts about the "authenticity, accuracy, or completeness of the substitutes." *Id.* Similarly, in the present case, the trial court identified the missing exhibits by their "Bates" numbers and the descriptions on TransAmerican's exhibit list. The court determined that the substituted exhibits are "exact duplicates."

The trial court's substitution of exhibits is also supported by holdings of the Dallas and Corpus Christi Courts of Appeals. In *First Heights Bank, FSB v. Gutierrez*, 852 S.W.2d 596 (Tex.App.—Corpus Christi 1993, writ denied), the Corpus Christi court stated,

We see no error under Rule 50(e) in the trial court's substituting exact duplicates of printed documentary exhibits into the record, over the losing party's objection, in order to ensure that the record is whole on appeal. Otherwise, when an original exhibit cannot be found, the losing party can refuse to agree to the substitution, although an exact duplicate, in order to obtain an automatic new trial. Such an abuse of Rule 50(e) would hinder judicial economy and is not the purpose of the rule.

---

2. Valero settled prior to trial and is not a party to this appeal.

*Id.* at 617. Similarly, the Dallas court held in *Adams v. Transportation Ins. Co.,* 845 S.W.2d 323, 327 (Tex.App.—Dallas 1992, no writ), that if reconstruction of the original exhibits is possible, loss or destruction of those exhibits is not reversible error. *Id.* at 327.

In support of appellants' position, the Waco and Houston (Fourteenth) Courts of Appeals have held that rule 50(e) does not allow the substitution of exhibits over an appellant's objection. *See Owens–Illinois, Inc. v. Chatham,* 899 S.W.2d 722 (Tex.App.— Houston [14th Dist.] 1995, n.w.h.) (on reh'g; not yet released for publication); *Hidalgo, Chambers & Co. v. Federal Deposit Ins. Corp.,* 790 S.W.2d 700 (Tex.App.—Waco 1990, writ denied). Those courts state that the purpose of the first sentence of rule 50(e) is "to enable the trial court to act after the appellate court has acquired jurisdiction." *Hidalgo* 790 S.W.2d at 702; *Chatham,* 899 S.W.2d at 733. The trial court cannot have authority under the first sentence to substitute a statement of facts over the appellant's objection because that would render the second sentence "useless and ineffective." *Hidalgo,* 790 S.W.2d at 702. For purposes of the statement of facts, the first sentence becomes operative only when the parties agree on a statement of facts under the second sentence. *Id.*

The second sentence of rule 50(e) entitles an appellant to a new trial if:

(1) he has made a timely request for a statement of facts; (2) the court reporter's notes and records have been lost or destroyed without the appellant's fault; and (3) the parties cannot agree on a statement of facts.

*Id.* at 702; *Chatham,* 899 S.W.2d at 732. The rule does not require that appellant's disagreement on a statement of facts be based on reasonable grounds. *Hidalgo,* 790 S.W.2d at 702; *Chatham,* 899 S.W.2d at 733.

Even accepting the *Chatham* and *Hidalgo* construction of rule 50(e), appellants are not entitled to relief because of the unique facts of this case. *Chatham* makes clear that the second sentence of rule 50(e) (and, thus, the requirement of agreement) applies only to the loss or destruction of "court reporter's

notes and records". The *Chatham* court held that generally exhibits are part of the statement of facts and also part of "the court reporter's notes and records." *Id.,* 899 S.W.2d at 725. It did note an exception, though: if an exhibit "must be reduced to another form for inclusion in the appellate record, it is not part of the court reporter's records until it reaches that final form." *Id.* at 731. Such exhibits may be substituted without the appellant's agreement until they actually become part of the court reporter's records. *Id.*

The specific exception discussed in *Chatham* does not apply in the present case because the exhibits here at issue did not have to be reduced to another form for inclusion in the appellate record. Nevertheless, we conclude that they did not become part of the court reporter's records. It is clear from the statement of facts and from the trial court's findings of fact and conclusions of law that the court reporters involved in this case were never given possession of nor responsibility for the trial exhibits. That responsibility remained with the parties. For this reason, under the peculiar facts of this case, the trial exhibits did not become part of the court reporter's records. Thus, the second sentence of rule 50(e) has no application. The trial court was authorized under the first sentence of rule 50(e), as well as the holdings of the courts in *Hackney, Gutierrez,* and *Adams,* to substitute the exhibits over appellants' objection.

In the alternative, we also conclude that the second sentence of rule 50(e) has no application in this case because appellants have failed to show that the exhibits were lost "without appellants' fault." *See* Tex. R.App.P. 50(e). Again, the record shows that the parties were responsible for identifying, offering, admitting, and tendering to the court their own exhibits. The trial court specifically found that "to the extent that any party's exhibits are missing, that party would be responsible." To the extent TransAmerican was responsible for the loss of its exhibits, it cannot invoke rule 50(e) to obtain a new trial.

For the reasons stated above, appellants' motion to reverse and remand is denied. Appellees' motion to supplement the record is granted. Appellants' motion to file a supplemental transcript is granted. Appellants' motion for extension of time to file appellants' brief is granted. The court will not entertain any motions for rehearing of these decisions.