**BASSETT FURNITURE INDUSTRIES, INC., Appellant,**

v.

**TEXAS STATE BANK, as Trustee for the Ruben Buentello Management Trust, Appellee.**

No. 13–96–115–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 9, 1997.

Rehearing Overruled May 15, 1997.

Ronald G. Hole, McAllen, for Appellant.

James D. Selman, III, Selman & Camp, McAllen, Neil E. Norquest, Chris A. Brisack, Norquest & Brisack, McAllen, for Appellee.

Before SEERDEN, C.J., and DORSEY and RODRIGUEZ, JJ.

## ORDER

PER CURIAM.

Bassett Furniture Industries, Inc., appellant, requests that we reverse the trial court's judgment and remand for a new trial because certain exhibits from the appellate record have been lost. *See* TEX.R.APP.P. 50(e). Texas State Bank, appellee, contends that we should either deny Bassett Furniture's motion for new trial or abate further action until the trial court has ruled on the Bank's motion to substitute copies for the missing exhibits. We deny Bassett Furniture's motion for new trial, abate this appeal, and remand the cause to the trial court for a determination of whether copies may be substituted for the lost original exhibits.

In this case, the court reporter has sworn that the original exhibits have been lost but that appellee's copies of the missing exhibits "correspond exactly to the documents which were admitted into evidence." The court reporter further swore that "[i]f called to testify at a hearing to substitute copies for the original exhibits, I will testify that the [copies of the lost documents] are exact duplicates, and/or true and correct copies, of the exhibits which were admitted into evidence in this case."

Bassett Furniture contends that it will not agree to a statement of facts because the copies are an inadequate substitute for the lost original exhibits. In its Rule 50(e) motion, Bassett Furniture argues that it is entitled to an automatic new trial because (1) it made a timely request for a statement of facts, (2) certain original exhibits have been lost through no fault of its own, and (3) it will not agree to any substitutions within the record. We recognize that the Fourteenth Court of Appeals in Houston and the Waco Court of Appeals might consider these facts sufficient to grant Bassett Furniture's motion for a new trial. *See, e.g., Owens–Illinois, Inc. v. Chatham,* 899 S.W.2d 722, 733 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd); *Hidalgo, Chambers & Co. v. FDIC,* 790 S.W.2d 700, 701–02 (Tex.App.—Waco 1990, writ denied). However, this Court and several others adhere to an interpretation of Rule 50(e) that allows the trial court authority to make certain direct substitutions in the record over a party's objections. *First Heights Bank, FSB v. Gutierrez,* 852 S.W.2d 596, 617 (Tex.App.—Corpus Christi 1993, writ denied); *see also, e.g., Hackney v. First State Bank,* 866 S.W.2d 59, 61 (Tex.App.—Texarkana 1993, no writ); *Adams v. Trans-*

*portation Ins. Co.*, 845 S.W.2d 323, 327 (Tex. App.—Dallas 1992, no writ); *cf. Sanchez v. Sanchez*, 915 S.W.2d 99, 102 (Tex.App.—San Antonio 1996, no writ) ("Rule 50(e) does not entitle the appellant to a new trial when the lost portion of the record would not change the outcome of the case.").

▪ This division among the courts of appeals grows from the tension between the two sentences that compose Rule 50(e):

> When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts

TEX.R.APP.P. 50(e). These two sentences contemplate two different procedures. The first sentence addresses substitutions in the record that may be accomplished through a motion to substitute filed in the trial court pursuant to the preparation of an amended record for transmission to the appellate court. The second sentence of Rule 50(e) concerns a subsequent motion for new trial that is properly filed in the court of appeals. *See, e.g., Piotrowski v. Minns*, 873 S.W.2d 368, 369 (Tex.1993).

The scope of the trial court's authority is the subject of debate among the various courts of appeals, but the courts agree that the first sentence of Rule 50(e) vests the trial court with some authority to allow direct substitution for lost or destroyed portions of the record. The divergence between the two interpretations of Rule 50(e) involves the effect of the second sentence, which can be read to deny the trial court's authority through the provision "entitling" the appellant to a new trial unless the parties agree to a statement of facts. Under the interpretation of Rule 50(e) that Bassett Furniture urges, a party's peremptory refusal to agree on any substitution forecloses the trial court's authority to allow substitution. In contrast, our interpretation of Rule 50(e) resolves the potential conflict within the provision by distinguishing between the first sentence, which describes the trial court's primary authority over substitution, and the second sentence, which concerns the appellate court's duty when presented with a subsequent appeal involving a lost or destroyed record.

▪ Clearly, the issue of substitution is resolved "in the trial court." TEX.R.APP.P. 50(e). If the trial court allows substitution, then "the record may be prepared and transmitted to the appellate court as in other cases." *Id.; cf. First Heights Bank*, 852 S.W.2d at 617 (direct substitution restores the record so that it is "whole" on appeal). Any error in the decision to allow substitution may be subsequently challenged on appeal. *See, e.g., Vickers v. Sunrise Lumber Co.*, 759 S.W.2d 747, 748 (Tex.App.—El Paso 1988, writ denied). The first sentence from Rule 50(e), which expressly addresses the trial court's authority to allow substitution for lost portions of the record, contains no indication that alleged errors involving this authority are exempted from harm analysis. Accordingly, the trial court's judgment should not be reversed and remanded for a new trial unless the alleged error in the decision to allow substitution probably resulted in an improper judgment or prevented appellant from properly presenting his or her case. TEX.R.APP.P. 81(b)(1).

▪ In contrast, the motion for new trial based on a lost or destroyed record is properly filed in the court of appeals. The issue before the appellate court is addressed in the second sentence of Rule 50(e), which provides,

> If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

TEX.R.APP.P. 50(e). We interpret the appellant's entitlement to a new trial in light of the companion provision vesting the trial court with initial authority to allow substitution in order to remedy any loss from the record. In this context, we hold that the court of appeals must grant a new trial when (1) the

appellant has made a timely request for a statement of facts, (2) the court reporter's notes and records have been lost or destroyed without appellant's fault *and the loss has not been properly remedied by the trial court,* (3) and the parties have not agreed on a statement of facts. Although the italicized language is not an express requirement of the second sentence in Rule 50(e), we hold that it is implied by the first sentence and by the broader context of Rule 50.

 Rule 50(e) contemplates that the parties may "agree on a statement of facts," but nothing in this provision expressly states that the parties must agree to the trial court's direct *substitution* in place of a lost portion of the record, as required by Bassett Furniture's interpretation of the provision. *Id.* Elsewhere in Rule 50, the Texas Rules of Appellate Procedure clearly vest the parties with authority to appeal by an agreed statement of facts in lieu of a statement of facts transcribed from a proceeding. TEX.R.APP.P. 50(c). This provision aids litigants in managing appellate costs and might be useful in cases where a portion of the record has been lost and cannot be replaced by direct substitution but neither party desires a new trial. Although the parties may agree to a statement of facts, it is the trial court that is empowered to allow substitutions in the record. *Compare id. with* TEX.R.APP.P. 50(e). There would be no need for a provision regarding substitutions in the trial court separate from the provision concerning agreed statements of facts if the parties' mutual consent was required in both circumstances. Accordingly, we hold that the trial court may allow substitutions over the objections of a party.

Furthermore, we consider the distinction between substitutions in the record and agreed statements of facts when interpreting language from Rule 50(e) which contemplates that the parties may "agree on a statement of facts." We hold that this language means that the parties may avoid the necessity of retrying a case by agreeing on a statement of facts when the record has been lost. Each party may unilaterally reject such an agreed statement of facts. However, we repudiate any interpretation of Rule 50(e) that implicit-

ly grants each party the additional unilateral authority to reject a substitution within the record because that would improperly divest the trial court of its express authority to allow substitutions. Accordingly, we hold that Bassett Furniture's prospective refusal to agree on any substitution in the record does not entitle it to an automatic new trial regardless of its timely request for a statement of facts and the loss of certain original exhibits through no fault of its own.

We DENY appellant's motion for new trial without prejudice to its right to reassert the motion if the trial court disallows substitution. We ABATE this appeal and REMAND the cause for the trial court's determination of whether copies may be substituted for the lost original exhibits.