## HARRIET L. BOSTWICK v. JAMES A. BOSTWICK.

### No. 2695.

**1.  Divorce—New Trial—Call of Docket.**—Where an ex parte trial was had in a divorce suit not called in its order on the docket, the defendant having been served with citation out of the State, and appearing on the day of the trial and asking that the

judgment be set aside, and further asking a continuance, showing a meritorious defense; *held*, that a new trial should have been granted.

2. **Call of Docket—Statute Construed.**—The statute, article 1287, "all suits in which final judgment shall not have been rendered by default   *   *   *   shall be called for trial in the order in which they stand upon the docket to which they belong, unless otherwise ordered by the court," is not complied with by trying each case when called up by one of the parties before its time. It seems that an established practice, without a previous order of the court, of taking up a class of cases out of their order upon the docket would not supply the absence of the order of the court required by the statute.

3. **Practice in Divorce Cases.**—In divorce cases a defendant failing to answer is not precluded from resisting the divorce, and consequently has the same right to rely upon the observance of the rules and statutes governing proceedings in the court as other litigants have.

ERROR from Harris. Tried below before Hon. James Masterson.

This is a writ of error prosecuted by the defendant in a divorce suit. Service had been had in the State of New York, where the defendant resided. The trial was ex parte, no appearance having been entered. The circumstances of the trial shown in the record are:

The cause was called on appearance day of the court, and was passed and no order made in reference to it. On a subsequent day, November 10, 1886, the court proceeded to call peremptorily the cases on the docket which were not set for any particular day, and had not called it peremptorily before that day. The cause was not set for any particular day. About 4 o'clock on November 9, 1886, the cause was called up by counsel for plaintiff and tried. Just after the trial, which was ex parte, was concluded, to-wit, about 4:30 o'clock p. m., and whilst plaintiff's attorney was writing the decree, George Goldthwaite, an attorney, first appeared in the case, when he filed the motion for defendant for a new trial. Before that time there had been no appearance for defendant, and no answer filed. There were many cases on the docket coming before this one in regular order, and numbers unset and undisposed of at the time this case was taken up and tried. It is and has been for many years the practice of the court to take up divorce cases when there was no answer filed at any time after default day when the counsel for plaintiff asked it and when the regular hearings of the court were not interfered with.

Other facts are in the opinion.

*Jones & Garnett*, for plaintiff in error.—1. "Where the law begins discretion ends," and the law having prescribed that trial courts shall "call in their order all the cases on the docket," the court below in calling this case (in which no default could be taken and no answer was necessary until the cause was duly reached) out of its order, and thereby depriving defendant of her defense, can not be shielded from error by a practice itself illegal or a discretion not conferred by law. Rev. Stats., art. 1281;

Kirkland v. Sullivan, 43 Texas, 233; 3 G. & W. New Trials, 904; Donellan v. Lennox, 6 Dana, 89.

2.    Even in suits other than for divorce, under the most rigid rules obtaining, if a party promptly moves to set aside a default and shows a reasonable excuse for not appearing and a probable defense to the merits, the motion should be granted, and a denial of it under such circumstances is a violation of the law and not in the proper exercise of judicial discretion.    Buford v. Bostick, 50 Texas, 375; Delmas v. Margo, 25 Texas, 1; Davis v. Terry, 33 Texas, 426; Honore v. Murray, 2 Dana, 334; Seymour v. Elmer, 4 E. D. Smith, 199; 3 Taunt., 484; 3 B. & A., 328.

*Hutcheson, Carrington & Sears*, for defendant in error.— 1. The statute permits the court to vary the trial of cases on the docket, after calling them in that order on appearance day.    According to its long established practice this case was regularly called by the court on appearance day and passed at the instance of plaintiff's attorneys (there being no appearance or answer by defendant), subject to call by plaintiff's attorneys for trial at any time thereafter.    This constituted "the order of the court" in this case.    The defendant's counsel could have acquired by answer the right to participate in the control of the case. Not seeing fit to do so, they had no right to say or to know when the case would be taken up for trial.

2.    There was not the slightest legal or valid excuse shown for the non-appearance of the defendant and her failure to file her answer or prepare for her defense.    On the contrary, the patent purpose was simply to delay and embarrass the trial of the case.    Strippelmann v. Clark, 11 Texas, 299; Scrivner v. Malone, 30 Texas, 773; Anderson v. Duffield, 8 Texas, 237; 4 Texas, 311; 10 Texas, 462–466; Freeman v. Neyland, 23 Texas, 529; 21 Texas, 653.

3.    A motion to set aside a judgment and for a new trial in a case like this one is not sufficient unless its sets forth under oath, not in general terms but specifically, the facts claimed to constitute the "meritorious defense."    The attaching of an unsworn answer to the motion in this case could not give it the effect of an affidavit of merits.    Contreras v. Haynes, 61 Texas, 104–106; Montgomery v. Carlton, 56 Texas, 431.

4.    The answer of the defendant can not be called a "meritorious defense."    It is rather a tirade of personal abuse launched against the plaintiff that would justify and establish his petition if there were no other testimony.    There is nothing in the petition that "taints the little children" or "gives the wife's name over to disgrace;" but the answer with its vile abuse dishonors the home and really destroys the marriage tie between herself and husband as effectually as this court could do by the most conclusive dissolution of its bonds.    Take that in connection with defendant's failure to test the recollection and truth of the witnesses

to the verity of the petition by propounding to them cross-interrogatories as she had full right and opportunity to do, and we maintain that the court was right in overruling the motion on that ground if on no other.

5. Defendant not only did not offer to speed the cause, but accompanied her application for a new trial with a motion for continuance. The new trial was only sought on condition that the case be continued.

6. The motion for continuance was not only utterly insufficient under the statute but did not address itself at all to the equitable consideration of the court. T. & P. Ry. v. Hardin, 62 Texas, 370, and cases cited; Trammell v. Pilgrim, 20 Texas, 158; Byne v. Jackson, 25 Texas, 97; McMahan v. Busby, 29 Texas, 195; 41 Texas, 135; 27 Texas, 455.

HENRY, ASSOCIATE JUSTICE.—This is a divorce suit brought by defendant in error against plaintiff in error.

The plaintiff alleged that he was a bona fide resident of Harris county, Texas, and that the defendant was a resident of the State of New York. The marriage as well as the grounds for divorce were alleged to have occurred in New York.

The defendant was personally served with notice of the suit in New York, as provided by our statutes in such cases, on September 17, 1886. The term of the court to which the defendant was cited to appear began on November 3, 1886. She failed to answer, and on November 10, 1886, on an ex parte hearing a judgment was rendered in favor of plaintiff, divorcing him.

After the trial, but upon the same day and before the decree was entered, the attorneys of defendant appeared in court and moved the court to set aside the decree, and in connection with that motion the attorneys for both parties filed affidavits, and an answer and motion for a continuance were filed for the defendant. The court refused to set aside the judgment, and the defendant prosecutes this writ of error.

The answer of the defendant is not sworn to. It specifically denies all the allegations of plaintiff's petition alleged as causes for granting him a divorce, except one which she justifies, and makes counter-charges of a serious character against the plaintiff—such as if true would have prevented a decree in his favor.

Among other things she alleges in her answer that the plaintiff was then and had been for twenty years a bona fide resident of the State of New York, and was not at the time of exhibiting his petition nor for the preceding six months a bona fide resident of the county in which he instituted his suit.

Defendant's application for a continuance, filed in connection with her answer, was sworn to by her, and in it she states that she has a good, valid, and legal defense to plaintiff's petition, and that she will be able and expects to disprove every material allegation in it. That the wit-

nesses necessary for her defense reside in different parts of the State of New York and in the States of Illinois, Minnesota, and New Jersey, whose places of residence can not be ascertained by her in the time allowed for her to plead. That she has been unable to communicate with all of said witnesses or ascertain what they will testify. That immediately upon being served with process, on September 17, 1886, she made diligent search for the residence of all the parties necessary for her defense and has continued such search from day to day until now.

That as the defendant verily believes the plaintiff has brought this suit in the State of Texas for the express purpose of making it difficult and harrassing for her to make her defense at such a great distance. That the defendant expects to prove that the plaintiff is not a bona fide resident of Harris County, Texas, even now, and that he has not been such for six months next preceding the institution of this suit. That his residence is feigned and simulated in order to bring this suit and to impose on this court. That all the testimony on this subject can be had in the State of New York, but defendant has not been able to procure it in the limited time allowed her. Defendant's affidavit to this application was made in New York on the 26th of October, 1886.

On the 1st day of December, 1888, defendant sued out this writ of error. The citation was returned served upon plaintiff's attorneys of record.

It further appears from the record before us that the answer of the defendant as well as her application for continuance were prepared in New York and were in the hands of her attorneys in the city of Houston in ample time to be filed before the trial.

The affidavits made by the attorneys of the respective parties relate to the causes for their not being filed. In the view that we take of the case we do not think it necessary or useful to comment on them further than to say that we find nothing in them reflecting in the least degree upon the candor or fairness of anybody concerned.

The judge of the District Court certifies as matters within his judicial cognizance that the cause was called on appearance day and passed without an order. That on November 10, 1886, the court proceeded peremptorily to call the cases on the docket which were not set for any particular day. That this cause had not been set for any particular day. That it had been for many years the practice of the court to take up divorce cases when there was no answer filed, at any time after default day that plaintiff's counsel asked, if not interfering with the regular business of the court. That this cause was called up by plaintiff's counsel and tried.

Defendant's attorney stated under oath as part of the motion for new trial, "that the case being a divorce case in which no default could be

entered for want of an answer, it was understood that it would not be taken up out of its order, and only upon a regular call of the docket."

The errors insisted on relate to the trial of the case out of its order on the docket and the overruling of defendant's motion to set aside the decree.

Article 1278 of the Revised Statutes provides that "all suits in which final judgments shall not have been rendered by default as hereinbefore provided shall be called for trial in the order in which they stand on the docket to which they belong, unless otherwise ordered by the court."

Exactly how and when the order shall be made that relieves a case from this express requirement that it shall be called for trial in the order in which it stands on the docket we will not undertake to determine in this case. We do not think, however, that the act alone of trying such case when called up before its time by one of the parties is equivalent to such order. We doubt whether an established practice without a previous order of taking up a class of cases out of their order can under any circumstances be regarded as equivalent to or dispensing with such an order.

If in any case such practice can be held to dispense with the requirement of the statute we do not think it should be given that effect under the circumstances of this case.

As the probabilities are that parties who do not answer do not intend to defend, no practical inconvenience will probably result as a general rule from pursuing the practice adopted in this case.

Defendants in divorce suits, however, are not precluded from defending by their failure to plead, and consequently have the same right to rely upon the observance of the rules and statutes governing proceedings in courts that other litigants have.

We think too that the policy of the law that excepts divorce suits from some of the rules governing other proceedings may properly be regarded in other particulars.

The law encourages defenses of divorce suits. In such cases as the present, where the marriage occurred abroad, where the causes for divorce are charged to have had their origin in another State, where the wife is the defendant and lives in a distant State, and is not found or served within the jurisdiction of the court, and where she appears and proposes not only to defend upon the merits (as early as the offer was made in this case) but to show that a fraud is being practiced upon the jurisdiction of the court, we think she ought to be encouraged and helped by the exercise of every legitimate power of the court. The cause is reversed and remanded.

*Reversed and remanded.*

Delivered March 1, 1889.