Howard W. DAVIS, Appellant,

v.

CITY OF GALVESTON, et al., Appellees.

No. 10–81–067–CV.

Court of Appeals of Texas, Waco.

June 10, 1982.

Paul R. Stansell, Galveston, for appellant.

Robert V. Shattuck, Jr., City Atty., Galveston, for appellees.

## OPINION

CHASE, Justice.

Appellant was the owner of a piece of rental property located at 1912 41st Street in the City of Galveston, Texas. The City of Galveston, under its powers as a home-rule city, declared the property to be a nuisance. It was subsequently demolished by the City and Appellant brought suit against the City for the value of the property and the damages resulting from the demolition. The City filed a counter-claim against Appellant seeking to recover the expenses it had incurred in demolishing the property. Trial was to a jury which found that the property was a nuisance and that the sum of money which would fairly and reasonably compensate the plaintiff for the demolition of the property was zero. Judgment was entered on the verdict of the jury that the Appellant take nothing and that the City recover of and from the Appellant the sum of $3,827.37 together with interest and that the costs of the cause be taxed against Appellant.

Appellant has brought forth one point of error in which he charges that the finding of the jury in response to Special Issue No. 3, that the Plaintiff suffered no damages as the result of the wrongful demolition of his building by the City of Galveston, was arbitrary to such extent as to constitute fundamental error and require that the judgment be reversed and remanded for new trial.

The amount of damages to be awarded is primarily a question for jury determination. *Air Shields, Inc. v. Spears*, Tex.Civ.App., 590 S.W.2d 574.

No Statement of Facts has been brought forward so we must assume that there was evidence to support the jury verdict. The jury had found the building to be a nuisance and the City was awarded a judgment in excess of $3,800.00 for its expenses in demolishing it; so it could hardly be called fundamental error when the jury found that the Plaintiff had not been damaged by the demolition.

Appellant cites *Qualls v. Miller*, Tex.Civ. App., 414 S.W.2d 746, which holds that the jury must award something for every element of damage resulting from an injury. Qualls is a personal injury case in which there was ample evidence of injury to support a finding of damages, and is therefore not in point.

We find no fundamental error and affirm the judgment of the trial court.