Larry LIND and Michael Fitzmaurice, Individually and d/b/a Lind and Fitzmaurice Development Company, Appellants,

v.

John M. GRESHAM, Appellee.

No. B14–83–545CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 12, 1984.

James S. Kelly, Kelly & Weium, Houston, for appellants.

Larry J. Doherty, Doherty & Williamson, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

ROBERTSON, Justice.

This is an appeal from a default judgment entered in appellee's favor. Issues presented concern (1) whether a separate hearing on damages is required; (2) failure to grant a new trial; (3) refusal to permit development of evidence on motion for new trial; and (4) the award of punitive damages and attorney's fees. We affirm.

In January 1981, appellee was hired by appellants to market their commercial properties. In May 1982, appellee filed suit against appellants, alleging a breach of the marketing agreement and tortious interference with his business operations. Appellants answered by general denial. In October, appellee noticed appellants to appear for oral depositions on October 25, 1982. When appellants failed to appear, the trial court granted appellee's motion to compel, and ordered appellants to appear for depositions on December 15, 1982. Appellants again failed to respond to the trial court's order. On May 3, 1983, in response to appellee's motion for sanctions, the trial court struck appellants' answer, heard evidence on damages, and entered judgment for appellee in the sum of $211,732.34 in actual damages, $290,000.00 in punitive damages, and $84,692.93 for attorney's fees.

On or about June 1, 1983, appellants discovered the default judgment and filed motion for new trial. An amended motion was subsequently filed on June 14, 1983. On July 11, the trial court heard evidence on the motion. At the close of the hearing, the court took the matter under advisement so the attorneys could provide a record of the default judgment hearing and supporting authorities. On July 17, appellants' motions for new trial were overruled by operation of law.

On July 18, appellants were granted leave to file a second amended motion for new trial, but the court refused to permit them to introduce evidence in support of such motion. The proposed evidence was developed by bill. On August 15, 1983, the trial court heard arguments and ordered a remittitur of all the punitive damages and $79,692.93 of the attorney's fees originally awarded by the court. Appellants' second amended motion for new trial was overruled, provided the remittitur was made.

In their first point of error, appellants contend the trial court abused its discretion by failing to order a separate hearing on the issue of damages after sanctions were imposed. We find no merit in this conten-

tion. On March 24, 1983, appellee sent a copy of his motion for sanctions to appellants with a cover letter indicating the hearing date. When the hearing date was rescheduled, a second notice of hearing was sent to appellants. The record reflects both items were received by appellants. At the hearing for sanctions, the trial court struck appellants' pleadings and heard evidence on damages.

■ Appellants cite *Bass v. Duffey*, 620 S.W.2d 847 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ), as authority for their position that a separate hearing on damages is required following a default judgment. We do not read *Bass* as so holding. In *Bass*, the court rendered judgment and set a separate hearing on damages. No notice of the new hearing was given to the defendant. This court held that since defendant had made an "appearance," he was entitled to notice of the separate hearing on damages following the default judgment. While we agree that appellants in the case before us were entitled to notice of all hearings which were set, we find no authority supporting the proposition that following the grant of a default judgment, a court is obligated to set a separate hearing on damages. We overrule point of error one.

■ In point of error two, appellants argue the trial court erred in failing to grant a new trial. We disagree. A default judgment should be set aside and a new trial granted when a party shows that his failure to appear was due to a mistake or an accident, and not intentional or the result of his conscious indifference; movant sets up a meritorious defense; and the granting of a new trial will cause no hardship or delay to the opposing party. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). In their first two motions for new trial, appellants did not state a "meritorious defense" and presented no evidence of any defense at the hearing. In fact, appellants concede in their brief that these motions "are weak with reference to this requirement." The trial court did not abuse its discretion in failing

to grant a new trial. *See Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966). We overrule point of error two.

■■ In point of error three, appellants contend the trial court abused its discretion by refusing to permit them to introduce evidence to support their "Second Amended Motion for New Trial." Appellants argue that while it was within the court's discretion to allow them to file their amended motion, once the court granted leave to file and set a hearing, it was obligated to hear evidence to support the motion. We disagree. First, motions and amended motions for new trial must be filed within 30 days after the judgment is signed. TEX.R. CIV.P. 329b(a), (b). TEX.R.CIV.P. 5 prohibits a trial court from enlarging "the period for taking any action under the rules relating to new trials." Therefore, the court was without authority to grant leave to file the "Second Amended Motion for New Trial" some 76 days after the judgment was signed. *See Smith v. Caney Creek Estates Club, Inc.*, 631 S.W.2d 233 (Tex.App.—Corpus Christi 1982, no writ.). Such motion was a nullity and the court was incapable of abusing its discretion in refusing to hear evidence on it. Second, after appellants filed their first two motions for new trial, a hearing was held on July 11, 1983, and evidence was heard. After both parties rested, the court permitted appellants to re-open to put on another witness. At the close of the hearing, the following interchange occurred:

THE COURT: All right. Now is there anymore testimony?

(APPELLANTS' ATTORNEY): No more testimony, your Honor.

THE COURT: Is there anymore stipulations?

(APPELLANTS' ATTORNEY): No more stipulations, your Honor.

THE COURT: All right.

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: Is there anything else that you wish to present on this case?

(APPELLANTS' ATTORNEY): No, sir, your Honor.

THE COURT: All right.

Appellants clearly had ample opportunity to allege and present a meritorious defense to the court. *See Hensley v. Salinas*, 583 S.W.2d 617 (Tex.1979). We find no abuse of discretion and overrule point of error three.

 In point of error four, appellants argue (1) the trial court erred in awarding attorney's fees to appellee and (2) the award of actual damages was excessive. We find no merit in these contentions. At the August 15 hearing, the trial court found no evidence to support an award of punitive damages and ordered a total remittitur of same. In addition, the court found reasonable attorney's fees for appellee to be $5,000.00, and ordered a remittitur of $79,692.93. The actual damages were not altered. TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon 1982–1983) provides for recovery of reasonable attorney's fees for suits based upon a written contract, and appellee's suit for breach of a written marketing agreement authorized an award of attorney's fees. While appellants claim the award of actual damages was excessive, they fail to cite any authority or refer to any portion of the record to support this contention. TEX.R.CIV.P. 418(e). We overrule point of error four.

By cross-point, appellee contends the trial court erred in ordering a remittitur of the punitive damages and attorney's fees. At the August 15 hearing, extended discussions were had between the judge and counsel for appellee, at the conclusion of which appellee's counsel stated:

> If the Court is inclined to leave any actual damages, and to alter the attorney's fees, and to eliminate punitive damages, I will acquiesce and consent to that reduction.

Still later the trial court opined to appellee's counsel:

> You have the right on cross-point to say that I've abused my discretion in making you have this remittor [sic] ... And, you can say that I've erred in granting this remittor [sic]. You can do it by cross point.

We hold that appellee waived any right to complain on appeal of the remittitur of punitive damages and attorney's fees. The trial court was without authority to grant a "right" which did not exist. We overrule appellee's cross-point.

The judgment is affirmed.