Shanna Malene
ARCHAMBAULT, Appellant,

v.

Michael John
ARCHAMBAULT, Appellee.

No. 09–87–263–CV.

Court of Appeals of Texas,
Beaumont.

Dec. 15, 1988.
Rehearing Denied Jan. 4, 1989.

E.M. Schulze, Jr., Huntsville, for appellant.

Duane T. Corley, Conroe, for appellee.

## OPINION

BURGESS, Justice.

Shanna Malene Archambault filed suit for divorce in May of 1985. In her Third

Amended Original Petition, she added a third party, TexasBanc Savings Association. The trial court granted the Texas-Banc's motion for a separate trial, and proceeded to trial on the action against appellee. The case was submitted to the jury on special issues inquiring into the following: the proportionate division of the community estate, the amount of child support to be paid by the husband, the fair market value of items of community property, and the amount of reasonable attorney's fees for the wife's attorney. In response to the special issues, the jury found the proportionate division should be 60% to the wife and 40% to the husband, found the husband should pay $1200 per month as child support, placed values on fifty-three items of community property and found the reasonable amount of attorney's fees to be $20,000 for the trial and $2,500 for appeal to this court.

The trial court entered a judgment which states, in part, "The case was submitted to the jury concerning several advisory issues raised by the pleadings and evidence and the jury returned answers to the advisory issues...." The judgment dissolved the marriage, made conservatorship orders, ordered the husband to pay $800 per month as child support and divided the community estate. The wife appeals urging four points of error.

The first point of error asserts the trial court erred in making a disproportional division of the community estate. Appellant alleges this division to equal an 81.71% share to the husband and 18.29% to her. She claims the trial court treated the values set by the jury as advisory and disregarded them, effectively denying her the right to trial by jury. In response, the husband argues the trial court did not disregard the values as established by the jury, but made the division based upon the net values. Unfortunately, we have no findings of fact concerning the property division;[1] we only have the judgment itself. The judgment makes no orders concerning liabilities. Therefore, the husband's argument about net values is not supported by the record. In reviewing the division under the judgment, both parties' briefs allege the husband was awarded $432,400 worth of property using the market values found by the jury. Using the same findings, the wife was awarded $155,983 of property. This equates to 73.49% to the husband and 26.51% to appellant.

■ If the trial court treated the jury's findings of market value as advisory, this was error. Value is certainly no different than the status of property, e.g., *Cockerham v. Cockerham*, 527 S.W.2d 162, 173 (Tex.1975). A jury's determination of value is binding upon the trial court. The division of the estate, however, is properly determined by the court, and the jury's 60-40 proportionate division was advisory only. It is not required that a division be equal, and abuse of discretion is the standard of review. *Bell v. Bell*, 513 S.W.2d 20 (Tex.1974). Although the division does not have to be equal, an unequal division must be supported by some reasonable basis. *Cooper v. Cooper*, 513 S.W.2d 229, 233 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). We find no such reasonable basis under this record. The division as evidenced by the judgment is grossly disproportionate so as to constitute a manifestly unfair or unjust judgment. Point of error number one is sustained.

■ Point of error number two avers the trial court erred in failing to order the husband to pay $1200 per month as child support in light of the jury's answer and in failing to make findings pursuant to Rule 7 of the Child Support Guidelines promulgated by our Supreme Court. The jury's finding on the amount of child support is advisory only and not binding on the trial court. *TEX.FAM.CODE ANN. sec. 11.13(b)* (Vernon 1986); *Havis v. Havis*, 657 S.W.2d 921, 924 (Tex.App.—Corpus Christi 1983, writ dism'd). A trial court has broad

---

1. It is uncertain whether findings of fact are appropriate when a trial is partially before a jury and partially to the court. *Compare Aubey v. Aubey*, 264 S.W.2d 484, 489 (Tex.Civ.App.— Beaumont 1954, no writ) with *Rathmell v. Morrison*, 732 S.W.2d 6 (Tex.App.—Houston [14th Dist.] 1987, no writ).

**52**

discretion in setting the amount of child support and its decision should not be disturbed unless the record demonstrates a clear abuse of discretion. *Beaird v. Beaird,* 380 S.W.2d 730, 732 (Tex.Civ.App.—Dallas 1964, no writ). We find no such abuse of discretion. As to the failure of the trial court to make findings under Rule 7, there is no showing that the wife's request for the findings was ever presented to the court. Failure to grant a request which is simply filed with the clerk and which is never presented to the trial court will not be error. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977). This point is overruled.

■ The third point of error complains the trial court erred in summarily denying the relief sought against TexasBanc Savings Association without a trial. Texas-Banc filed a motion under *TEX.R.CIV.P. 174* for a separate trial. The trial court granted the motion and ordered that the issues "be litigated separately from all of the remaining issues...." This order did not sever the action nor docket it under a different cause number. The trial court thus disposed of the cause of action against TexasBanc without affording appellant a trial. This point of error is sustained.

■ Point of error number four alleges the trial court erred in refusing to submit certain requested issues concerning alleged breaches of duty by the husband. The issues were not in substantially correct form as requested issues III, IV, V, and VI were not conditioned upon an affirmative answer to requested issue II.[2] The trial court need not submit an issue unless it is in substantially correct form. *State Farm Fire & Cas. Co. v. Miller,* 713 S.W.2d 700, 703 (Tex.App.—Dallas 1986, writ ref'd n.r. e.). Point of error number four is overruled.

The judgment as to the dissolution of the marriage and the conservatorship orders is affirmed. The judgment as to the division of the community estate and the cause of action against TexasBanc is reversed and remanded.

**2.** Because the issues were not in substantially correct form, we need not address whether they

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

were raised by the evidence or even legally sufficient. *TEX.R.APP.P. 90(a).*