Peggy Pickering MARR, Appellant,

v.

James Evan MARR, Appellee.

No. 10–94–175–CV.

Court of Appeals of Texas, Waco.

July 31, 1995.

Charles M. McDonald, Lynn W. Malone, McDonald & Malone, Waco (on appeal only), for appellant.

Richard V. McCall, Virgil E. Bain, Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Appellant Peggy Pickering Marr appeals the trial court's division of her and Appellee's marital estate. We reverse and remand.

## PROCEDURAL AND FACTUAL BACKGROUND

The parties married on or about November 26, 1982, and separated for the final time in September of 1991. Appellee James Evan Marr filed his original petition for divorce on June 29, 1990, in the 19th District Court of McLennan County. Appellant answered with a general denial on August 3, 1990.

On January 19, 1993, Appellee filed a "Request For Production of Documents." Over the next seven months, Appellant, despite repeated requests and inquiries by Appellee's counsel, never produced the documents. Notwithstanding Appellant's failure to produce the requested documents, she, on or about June 29, 1993, requested a jury trial and paid the appropriate jury fee. Because the requested documents were never produced, Appellee on July 29, 1993, filed a "Motion to Compel and For Contempt and Sanctions," and on January 3, 1994, the trial court entered an order compelling Appellant to turn over the documents. By a week later Appellant still had not produced the requested documents; accordingly, on January 10 Appellee filed a motion for sanctions, asking the court to order Appellant to pay attorney's fees and to strike Appellant's pleadings if the requested documents were not produced by a given date. A hearing on the motion was scheduled for January 11.

At the January 11 hearing, Appellant's attorney did not appear because she was ill; the attorney's partner, however, did appear on her behalf. The trial court, at the hearing, granted Appellant's motion for a continuance and rescheduled the trial date for February 22, 1994; the court also granted Appellee's motion for sanctions and ordered that the requested documents be produced by 5:00 p.m. on January 31, 1994, or Appellant's pleadings would be stricken and Appellee would be permitted to take a default judgment. *See* TEX.R.CIV.P. 215(2)(b)(5). Appellant failed to produce the documents by the end of the day on January 31.

On February 1, 1994, Appellee and his attorney appeared before the 19th District Court to prove up Appellee's divorce petition and receive the default judgment threatened by the court on January 11. The trial court telephoned Appellant's attorney's partner moments before the hearing was conducted to let him know of the court's proposed action, but other than the telephone call Appellant received no notice of the hearing on the property division. Appellant was never warned that if she failed to produce the requested documents by January 31 that a hearing on the division of the marital property would be conducted the next day. Nevertheless, the property division hearing was conducted on February 1 without the pres-

ence of Appellant or any of her legal representatives, and the Final Decree of Divorce was entered February 4, dividing the marital estate in the manner requested by Appellee in every respect.

Through five points of error Appellant argues: (1) and (2) the trial court erred in conducting the February 1, 1994, property division hearing without giving her sufficient notice; (3) Appellant was deprived of her right to a jury trial when the court conducted the property division hearing without a jury; (4) the trial court erred in failing to order a just and right division of the marital estate; and (5) the trial court erred in characterizing several items of property as Appellee's separate property when they should have been characterized as community property. We reverse and remand for a new property division hearing.

### WHETHER APPELLANT WAS GIVEN SUFFICIENT NOTICE OF THE PROPERTY DIVISION HEARING

■ In cases involving unliquidated damages or claims not proven by written instruments, Rule of Civil Procedure 243 requires parties who have properly requested a jury trial be provided sufficient notice of a hearing before a jury on the issue of damages even though they forfeited their arguments on the merits of the case by allowing a judgment of default to be entered against them. TEX.R.CIV.P. 243.[1] The defaulting party is entitled to notice by a writ of inquiry of the date for his hearing on damages before a jury once the default judgment has been entered. Id.[2] Upon inquiry into the amount of unliquidated damages after a default judgment, the defaulting party has the right to be

present, to interpose objections to testimony offered by the plaintiff's witnesses, and to cross-examine them in order that, by the exclusion of improper evidence, a proper judgment may be rendered on competent evidence. *Bass v. Duffey*, 620 S.W.2d 847, 849–50 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

■ The question before us is whether Rule 243 applies in divorce cases; we will therefore examine the rule to ascertain its meaning and scope. Rule 243 recognizes, first, the importance of a party's right to a trial by jury, and, second, that the determination of the amount of damages is a question primarily for the jury. *See Mackey v. Bradley Motors, Inc.*, 871 S.W.2d 243, 247–48 (Tex.App.—Amarillo), *rev'd on other grounds*, 878 S.W.2d 140 (Tex.1994) (per curiam); *Hanners v. State Bar of Texas*, 860 S.W.2d 903, 910–11 (Tex.App.—Dallas 1993, no writ)[3]; *see also Davis v. City of Galveston*, 635 S.W.2d 634, 635 (Tex.App.—Waco 1982, no writ). It assures defaulting defendants, provided they properly request and do not waive a trial by jury, that they will be afforded their right to have a jury weigh the facts underlying the plaintiff's complaint for unliquidated damages and ascertain from those facts the amount of their damages. *Hanners*, 860 S.W.2d at 911.

■ We believe Rule 243 applies in cases involving the division of marital property as well as the proper characterization of the parties' assets as either community or separate. The prominent role of a jury in divorce cases is readily apparent. Parties to divorce proceedings are entitled to a jury trial upon proper request; the jury alone

---

1. Reference to unliquidated damages shall also refer to damages, whether liquidated or unliquidated, not proven by a written instrument. *See* TEX.R.CIV.P. 243.

2. An actual writ does not issue; a writ of inquiry in the modern day simply means that the court has agreed to hold a damage assessment hearing before a jury. *Mackey v. Bradley Motors, Inc.*, 871 S.W.2d 243, 246 (Tex.App.—Amarillo), *rev'd on other grounds*, 878 S.W.2d 140 (Tex.1994) (per curiam).

3. The courts in *Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140 (Tex.1994) (per curiam), and

*Hanners v. State Bar of Texas*, 860 S.W.2d 903 (Tex.App.—Dallas, no writ), found that, where the defendant is defaulted because he fails to appear at the time of trial, the defendant will be found, due to the operation of TEX.R.CIV.P. 220, to have waived his right to a hearing, either before the bench or before a jury, on the issue of unliquidated damages. *Bradley Motors*, 878 S.W.2d at 141; *Hanners*, 860 S.W.2d at 911. Under the facts here, Rule 220 does not apply. Appellant defaulted because of the "death penalty" sanctions visited upon her, not because she failed to appear on her trial date.

decides whether contested assets will be characterized as either community or separate; and, while the question of a just and right division of the marital estate rests solely within the sound discretion of the court, the jury's findings on the factual issues underlying the division of the marital estate, including the valuation of the assets, are conclusive. TEX.FAM.CODE ANN. §§ 3.61, 3.63 (Vernon 1993); *In re Marriage of Moore,* 890 S.W.2d 821, 834 n. 7; 838 (Tex.App.—Amarillo 1994, no writ); *Archambault v. Archambault,* 763 S.W.2d 50, 51 (Tex.App.—Beaumont 1988, no writ). Given the right of parties to a jury trial in divorce cases and the pronounced functions of the jury in the property division and characterization aspects of divorce cases, we believe the nature of the property division to be sufficiently akin to the unliquidated damages referred to in Rule 243 so as to require defaulting parties in divorce cases be provided sufficient notice of a hearing before a jury on the issue of the property division, unless, of course, the defaulting party somehow waives his request for a jury. *See Bradley Motors,* 878 S.W.2d at 141.

■ Here, Appellant timely requested a jury trial and paid the necessary jury fee. She was notified if she failed to produce by January 31, 1994, certain documents that had been requested by Appellee, a default judgment would be entered against her and her pleadings would be stricken. Appellant failed to timely produce the documents. The next day, on February 1, a default judgment was entered against her; her pleadings were stricken; and Appellee appeared before the court for a property division hearing to prove up the allegations in his pleadings. Other than a telephone call to Appellant's attorney moments before the hearing, Appellant received no notice of this hearing. Legally sufficient notice of this hearing was required by Rule 243. Accordingly, the court erred in conducting the hearing without providing Appellant sufficient notice of it or a jury trial.

■ The situation here differs from that in *Lind v. Gresham,* 672 S.W.2d 20 (Tex.App.—

Houston [14th Dist.] 1984, no writ), where there was no request for a jury trial. In *Lind,* the Fourteenth Court held that when a defendant defaults in an unliquidated damages case, he is entitled to notice only when an evidentiary hearing on damages is held subsequent to the hearing on the plaintiff's motion for sanctions. *Id.* at 22. But, held the court, when the trial court hears evidence on damages at the same time it conducts a hearing on the plaintiff's motion for sanctions, there is no requirement that the defendant receive any independent notice of the evidentiary hearing on damages. *Id.* When a jury trial is requested in cases involving unliquidated damages, however, Rule 243 requires that a writ of inquiry be issued before the evidentiary hearing on damages is conducted. TEX.R.CIV.P. 243. The writ of inquiry is a deferred hearing, meaning that it is to take place at a time subsequent to the court's rendition of an interlocutory default judgment. *Mackey,* 871 S.W.2d at 248. Therefore, in cases involving unliquidated damages where the defaulting defendant has properly requested a jury trial, the defendant is entitled to notice of an evidentiary hearing on damages to be held on a date following the entering of the default judgment on the underlying cause or causes of action.

The portion of the judgment relating to the property division is reversed and that portion of the cause is severed and remanded for a new property division hearing. Otherwise the judgment is affirmed.[4]

THOMAS, Chief Justice, concurring.

Although I agree with the reversal, I believe the analysis used by the majority to reach that result is flawed. Therefore, I write separately to set forth my views.

First, I do not believe that Rule 243 applies. *See* TEX.R.CIV.P. 243. As discussed below, Rule 243 is inapplicable because the court could not enter a default judgment against Peggy Marr in a divorce proceeding based on the striking of her answer. *See* TEX.FAM.CODE ANN. § 3.53 (Vernon 1993).

---

4. Because we dispose of this appeal on a single point of error, it is unnecessary for us to address

Appellant's remaining points of error.

Moreover, Rule 243, by its plain language, requires the court to give notice of a jury trial on unliquidated *damages* following a default judgment, if the defaulting party has previously requested and is entitled to a jury trial. TEX.R.CIV.P. 243. Here, the court was deciding fact questions related to the division of the community estate, not assessing unliquidated damages.

Finding an analogy between the "prominent role" played by a jury in assessing damages and in deciding the underlying fact questions relating to a division of the community estate, the majority holds that the "nature of the property division [is] sufficiently akin to the unliquidated damages referred to in Rule 243 so as to require the defaulting parties in divorce cases to be provided sufficient notice of a hearing before a jury on the issue of the property division, unless, of course, the defaulting party somehow waives his request for a jury." If the majority's logic is extended to its ultimate limits, then Rule 243 would necessarily apply any time the court has to decide a fact question before it can enter a final judgment following a default judgment. Under the majority's analysis, the express reference to "damages" in Rule 243 becomes wholly meaningless and superfluous. A rule of procedure is to be interpreted, if possible, in a way that gives effect to all of its parts. *Hidalgo, Chambers & Co. v. FDIC,* 790 S.W.2d 700, 702 (Tex. App.—Waco 1990, writ denied). Thus, I do not believe that the Texas Supreme Court intended Rule 243's specific reference to damages to be rendered nugatory by court interpretation. *See id.*

I would take a different analytical route to a reversal. After being served with citation, which gave the court jurisdiction over her person, Peggy filed an answer and cross-action against her husband, James. She also timely demanded a jury trial and paid a jury fee. *See* TEX.R.CIV.P. 216. The court, however, later struck her pleading as a sanction for discovery abuse. *See id.* 215. By striking her pleading the court placed her in the same legal position as if she had never filed an answer. *See Minnick v. State Bar of Texas,* 790 S.W.2d 87, 89 (Tex.App.—Austin 1990, writ denied).

Thus, the first question to be decided is whether the striking of Peggy's pleading gave the court the right to enter a default judgment against her. As noted above, section 3.53 of the Family Code precludes the granting of a default judgment in a divorce case, even if the defendant has failed to answer. TEX.FAM.CODE ANN. § 3.53; *Mason v. Mason,* 282 S.W.2d 320 (Tex.Civ.App.—San Antonio 1955, no writ) (holding that default judgments are not recognized in divorce cases). The public policy that exempts family law cases from the rules governing other proceedings is long standing. *See Bostwick v. Bostwick,* 73 Tex. 182, 11 S.W. 178, 180 (1889). Section 3.53, having been enacted by the legislature, cannot be trumped by Rule 215, a rule adopted by the Texas Supreme Court. TEX. CONST. art. V, § 31 (Texas Supreme Court can promulgate any rule of civil procedure as long as it is "not inconsistent with the laws of the state").

I would hold that, although the court could strike Peggy's pleading as a sanction under Rule 215, it could not enter a default judgment against her without giving her notice of the hearing at which the court would hear evidence supporting the allegations in her husband's petition. As a non-answering defendant in a divorce case, she was entitled to have the court observe the rules that otherwise govern legal proceedings, which would include giving sufficient notice of the hearing at which the court would hear evidence regarding the divorce and the division of the community estate. *See Bostwick,* 11 S.W. at 180.

Moreover, I would hold that Peggy was entitled to a jury trial on any fact question related to either the divorce or property division based on her jury demand. The court did not strike her jury demand when it struck her pleading. Even though she stood in the position of a non-answering defendant, she was entitled to rely on her jury demand to gain a jury trial. *See id.*

For the reasons stated I would sustain the first three points, reverse the judgment, and remand the entire cause for trial.