241 S.W.3d 661 (2007)
In the Interest of A.S., A Child.
No. 06-07-00044-CV.
Court of Appeals of Texas, Texarkana.
Submitted September 7, 2007.
Decided December 4, 2007.
*662 William T. Hughey, Law Office of William T. Hughey, Marshall, TX, for appellant.
Stephen C. Mahaffey, Sherry L. Mahaffey, Mahaffey & Mahaffey, PC, Carthage, TX, for appellee.
Before MORRISS, C.J., CARTER and MOSELEY, JJ.

OPINION
Opinion by Justice CARTER.
Archie Morris Samford (Morris) and Rebecca Samford are the parents of A.S. and were divorced in January 2005. In July 2006, Morris filed a motion to modify the child custody order, seeking to change the joint managing conservatorship to his sole managing conservatorship. Morris sought the mental examinations of both Rebecca and A.S.; the trial court ordered the examinations, but Rebecca refused to comply. The court struck Rebecca's answer and counter-petition as a sanction for failure to comply and entered a default judgment for Morris, naming Morris sole managing conservator and Rebecca possessory conservator. Rebecca appeals.
Rebecca raises two points of error: that the striking of the pleadings negated her right to trial by jury and that the judgment should be vacated since it was obtained by Morris' abuse of process.[1] Morris raises one cross-point: that he is entitled to damages for Rebecca's frivolous appeal.
I. Abuse of Process
In her second issue, Rebecca asserts that the judgment should be vacated as it was based on Morris' abuse of process and "carries the `Foul Odor' of a potential '1983 Civil Rights Violation.'"[2] Rebecca provides this Court with one authority in support of this point of error: a case outlining the elements of an abuse of process cause of action.[3] Rebecca presents no authority or argument in support of the use of Section 1983 or proof of abuse of process as a basis for reversing or vacating the judgment modifying custody. Neither does Rebecca attempt to show, with appropriate citations to the record, how Morris abused any process or how *663 this issue was raised in the trial court. For an issue to be properly before this Court, the issue must be supported by argument and authorities and must contain appropriate citations to the record. See TEX.R.APP. P. 38.1(h). An inadequately briefed issue may be waived on appeal. See Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex.1994) (discussing "longstanding rule" that point may be waived due to inadequate briefing). Accordingly, we will not consider this complaint. See id.
II. Right to Jury After Sanctions
In her first issue, Rebecca asserts that, despite the striking of her answer and counter-petition, she was still entitled to have a jury determine whether Morris had proven the required elements in his motion to modify the conservatorship and possession order. We review a denial of a jury request for abuse of discretion. See Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex.1996). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238 (Tex.1985).
A. The Sanctions
Morris twice asked the trial court to compel Rebecca's mental examination and to impose sanctions for Rebecca's failure to submit herself to examination as ordered. The court twice again ordered the examination, imposed sanctions of attorney's fees, and warned Rebecca that further noncompliance could result in the striking of her pleadings and entry of an adverse "ruling . . . in this cause." Morris filed a third motion to compel and for sanctions for Rebecca's failure to sign the releases necessary for the ordered examination of A.S.
Rebecca's reasons for not complying were (1) discomfort with the particular examiner; (2) reluctance to discuss with the examiner the facts underlying a related criminal matter; and (3) reluctance to have her son discuss that same matter.[4] At a hearing in open court on Morris' third motion to compel and for sanctions and after allowing Rebecca to consult privately with her attorney, the court presented Rebecca with the release form and explained to her that, if she failed to sign it, the sanction would be that "she just flat loses no chance of getting whatever story she wants to present in front of the Courtin front of a jury." Rebecca refused to sign the form.
The trial court granted the motion to strike the pleadings and stated: "given that set of circumstances, there is no jury issue to be resolved." The signed order on the motion specified that the court struck the answer and counter-petition and found Rebecca in default. The order in the suit to modify contained only the following findings of fact: "Due to Respondent's willful and bad faith refusal to comply with four orders of this Court, a sanctions order was entered striking Respondent's answer and counterclaim. The Court therefore finds that the material allegations in the *664 petition to modify are true and that the requested modification is in the best interest of the child."
B. Default Modification of Possession or Conservatorship Order
Several guiding rules and principles govern the disposition of this matter. First, we note that a custody modification, as a determination of issues of conservatorship, possession, or access to a child, requires that the "best interest of the child shall always be the primary consideration of the court." TEX. FAM.CODE ANN. § 153.002 (Vernon 2002). "[I]t cannot be said that the best interest of the child has been served when a court reaches its conclusion based on traditional rules of pleading and practice rather than on a comprehensive review of the available evidence." Williams v. Williams, 150 S.W.3d 436, 447 (Tex.App.-Austin 2004, pet. denied) (requiring evidence to be taken in parental rights termination default); see also In re Macalik, 13 S.W.3d 43, 45 (Tex.App.-Texarkana 1999, no pet.) (finding, in assessing the fair notice of a particular modification, that "in cases affecting the parent/child relationship, when the best interest of the child is always the overriding consideration, technical rules of pleading and practice are of little importance").
The Texas Supreme Court, in the context of reviewing the sufficiency of the pleadings in support of a modification judgment, has noted that, once the child is brought under the court's jurisdiction by suit and pleading cast in terms of custody and control, "it becomes the duty of the court in the exercise of its equitable powers to make proper disposition of all matters comprehended thereby in a manner supported by the evidence." Leithold v. Plass, 413 S.W.2d 698, 701 (Tex.1967) (analyzing predecessor statute). Indeed, in another case examining the sufficiency of the evidence of whether a modification was in the best interests of the children, the Texas Supreme Court stated: "Suits affecting the parent-child relationship are intensely fact driven, which is why courts have developed best-interest tests that consider and balance numerous factors." Lenz v. Lenz, 79 S.W.3d 10, 19 (Tex.2002).
The focus on the best interest of the child, in the context of a default judgment, leads us to a second guiding rule and principle: while "the parent's failure to respond may affect the trial court's consideration of the issues in the case, . . . it should not form the sole basis for the trial court's judgment." Williams, 150 S.W.3d at 448. In other words, the effect of default in a custody modification, like in other family law matters, is different from other defaults in that "allegations in the motion to modify may not be taken as confessed for want of an answer." Considine v. Considine, 726 S.W.2d 253, 254 (Tex.App.-Austin 1987, no pet.); cf. TEX. FAM.CODE ANN. § 6.701 (Vernon 2006) (no default in divorce). Even on respondent's default, "the movant must prove up the required allegations of the motion to modify."[5]Considine, 726 S.W.2d at 254; see also Giron v. Gonzalez, No. 08-05-405-CV, 2007 WL 2810054, at *4-5, ___ S.W.3d ___, ___ (Tex.App.-El Paso Sept.27, 2007, no pet. h.) (citing Agraz v. Carnley, 143 S.W.3d 547, 552 (Tex.App.-Dallas 2004, *665 no pet.) ("in an appeal from a default judgment modifying an order establishing conservatorship or possession and access, the movant must prove up the required allegations to modify the existing suit affecting and establishing the parent-child relationship")). One court has stated that, in a petition to modify, "until the moving party has discharged the onerous burden imposed upon him by the statute . . . the trial court must deny the motion to change the custody. This is termed a `threshold inquiry.'" Armstrong v. Armstrong, 601 S.W.2d 724, 725-26 (Tex.App.-Beaumont 1980, writ ref'd n.r.e.) (footnote omitted) (interpreting predecessor modification statute in evidentiary challenge to default judgment).
On the entry of the default judgment below, the court did not conduct a hearing[6] and expressly found Morris' allegations true on the basis of his pleadings. But Rebecca does not complain that the court entered judgment on Morris' pleadings. Neither does she complain of the sufficiency of the evidence, if any, before the court in support of the findings. Rather, she complains that, even after striking her answer and counter-petition, she was entitled to a jury trial on the issues Morris was required to prove. Having determined that some fact-finding is required, we must now determine if a jury, as opposed to the court, is the proper body to find those facts. Thus, we come to the next guiding rule and principle: the constitutional and statutory right to a jury trial. "The right of trial by jury shall remain inviolate." TEX. CONST. art. I, § 15. The statute provides:
(a) . . . a party may demand a jury trial.
. . . .
(c) In a jury trial:
(1) a party is entitled to a verdict by the jury and the court may not contravene a jury verdict on the issues of:
(A) the appointment of a sole managing conservator.
TEX. FAM.CODE ANN. § 105.002(a), (c) (Vernon Supp.2007). The right to a binding jury verdict on the statutorily enumerated issues includes such a verdict on a petition to modify. See Lenz, 79 S.W.3d at 19-20; Taft v. Johnson, 553 S.W.2d 408, 410 (Tex. Civ.App.-El Paso 1977, writ ref'd n.r.e.).
In this instance, the trial court specifically struck the answer and counter-petition of Rebecca. However, she had properly filed a jury demand and the trial court did not attempt to strike the jury demand. We are unaware of any cases that have addressed whether the jury demand survives "death penalty" sanctions[7] in a child custody modification action. Rebecca refers, by analogy, to a case in which the jury demand survived death penalty sanctions in a divorce action. See Marr v. Marr, 905 S.W.2d 331, 333-34 (Tex.App.-Waco 1995, no writ) (but also applying TEX.R. CIV. P. 243right to jury trial for unliquidated damages after defaultto questions of divorce property division). We are persuaded by the concurring opinion in that case, by Chief Justice Thomas, that a "defaulting" defendant (by virtue of death penalty sanctions) in a family law matter is still entitled to rely on her jury demand and have a jury trial on any fact question related to the custody modification *666 when the jury demand is not struck. See Marr, 905 S.W.2d at 335 (Thomas, C.J., concurring).
We do not question the trial court's striking of the answer and counter-petition as a sanction for Rebecca's direct refusal to obey a legitimate order of the court. However, after those pleadings were struck, her demand for a jury trial was still viable. Since a default judgment cannot be taken in family law modification cases, it was necessary for the fact-finder to hear evidence and conclude (1) a material and substantial change of circumstances had occurred since the last order, and (2) a change of conservatorship was in the best interest of the child. Since the jury demand was still outstanding, Rebecca was entitled to have a jury determine the factual issues that Morris was required to prove. In this instance, it appears that neither a judge nor jury made this factual decision, but it was considered found by default since Rebecca's answer and counter-petition were struck. In this regard, the court erred and abused its discretion.
Having determined that the court abused its discretion in denying Rebecca's right to a jury trial, we next must determine whether the court's error was harmful. Rhyne, 925 S.W.2d at 667. The wrongful denial of a jury trial is harmful, and requires reversal, "when the case contains material fact questions." Id. As discussed above, the statute requires findings of fact that modification is in the best interest of the child and that the circumstances of the child or one or both of the conservator parents has materially and substantially changed. See TEX. FAM.CODE ANN. § 156.101. The denial of a jury verdict on these material fact questions requires reversal.
III. Frivolous Appeal
In his cross-point, Morris asks this Court to impose sanctions on Rebecca for filing a frivolous appeal. See TEX.R.APP. P. 45. Having found merit in Rebecca's argument on appeal, we deny the counterpoint. See In re Estate of Davis, 216 S.W.3d 537, 548 (Tex.App.-Texarkana 2007, pet. denied).
Accordingly, the judgment is reversed and the case is remanded to the trial court for further proceedings.
NOTES
[1] Rebecca does not challenge the propriety of the sanctions themselves.
[2] See 42 U.S.C.A. § 1983 (2003).
[3] J.C. Penney Co. v. Gilford, 422 S.W.2d 25 (Tex.App.-Houston [1st Dist.] 1967, writ ref'd n.r.e.).
[4] Morris initiated the suit to modify after Rebecca returned A.S. between twelve and twenty-four hours after he thought the child should have been returned at the end of Rebecca's summer possession. Morris also pursued felony charges against Rebecca for interference with child custody; Rebecca was indicted for that crime. The criminal matter was ongoing during the pendency of the modification action. The court had granted Rebecca limited immunity from her compelled evaluation and prohibited the use of the results of the evaluation by any party in any other proceeding.
[5] The required allegations for the modification of conservatorship are that (1) modification would be in the best interest of the child, and (2) the circumstances of the child, a conservator, or other affected party have materially and substantially changed. See TEX. FAM. CODE ANN. § 156.101 (Vernon Supp.2007). The party seeking the modification bears the burden of proving that there has been a material and substantial change in circumstances within the relevant time frame and that the modification is in the child's best interest. Gardner v. Gardner, 229 S.W.3d 747, 755-56 (Tex.App.-San Antonio 2007, no pet.).
[6] The trial court had conducted several hearings on temporary orders before default, including one in which the court heard the testimony of multiple witnesses before entering a temporary order modifying the terms of possession of the child. The court did not take notice of any of the earlier hearings or testimony in entering its judgment.
[7] That is, dismissal of a case for discovery abuse. See TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 920 (Tex.1991) (Gonzalez, J., concurring).