NO. 07-12-00084-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 30, 2012

_____

IN THE MATTER OF THE MARRIAGE OF LEANNE
FARRELL COLLIER AND ROBERT GREG COLLIER AND
IN THE INTEREST OF R.C.C., A CHILD

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-539,120; HONORABLE DON EMERSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

This appeal follows a previous appeal resulting in a reversal and remand by this Court. See In re Collier, No. 07-09-00146-CV, 2011 Tex.App. LEXIS 13 (Tex.App.—Amarillo Jan. 4, 2011, no pet.) ("Collier I"). Both the opinion and mandate this Court issued in Collier I reversed "the visitation, child support, and just and right division of the community estate portions of the divorce decree."[1] Id. at *37. However, we held that, "[i]n all other respects, we affirm the divorce decree." Id. Having reversed a portion of the trial court's judgment, this Court "remand[ed] the case to the trial court for further proceedings consistent with this opinion." Id. at *38.

_____

[1] Greg's appeal presents no issues relating to the trial court's determinations of visitation or child support. As such, this appeal will address only those issues germane to the trial court's just and right division of the marital estate.

In the present appeal, appellant, Robert Greg Collier, contends that the trial court erroneously construed the scope of this Court's prior remand regarding the just and right division of the community estate. Appellee, Leanne Farrell Collier, responds that the trial court correctly construed the scope of this Court's remand. Because each of Greg's three issues relate to either the characterization or valuation of property that this Court did not find to be erroneous in Collier I, the scope of the remand in Collier I is determinative of this appeal. Because we conclude that the trial court correctly construed the scope of this Court's remand in Collier I, we will affirm the trial court's judgment.

Background

Greg and Leanne married in October of 2005. In early May 2007, Leanne filed for divorce. Trial was held on April 23 and 24 of 2008, after which the trial court orally granted the divorce. On February 5, 2009, the trial court signed its final decree of divorce. After Greg requested findings of fact and conclusions of law, the trial court issued findings and conclusions on April 2, 2009. Greg appealed the trial court's divorce decree, which resulted in this Court's opinion in Collier I.

In that appeal, Greg challenged the trial court's characterization and valuation of horses that the trial court awarded to Greg. Id. at *21-22. After analyzing the record evidence on both of these issues, we concluded that the trial court did not abuse its discretion in characterizing the horses as community property, see id. at *27, or in assessing the value of the horses at $520,000, see id. at *29-30. Greg also challenged the trial court's alleged inclusion of certain debts of Lea Acres, Inc., in the community estate. Id. at *25. However, we held that the divorce decree did not divide these debts

2

as part of the community estate. <u>Id</u>. at *26. Greg presented no issue in <u>Collier I</u> challenging the trial court's valuation of Lea Acres, Inc. The specific property issue that resulted in this Court reversing the trial court's just and right division of the community estate was the trial court's $100,000 reimbursement award to Leanne. Specifically, we found that the trial court abused its discretion by awarding Leanne $100,000 in reimbursement. <u>Id</u>. at *34-35. Because this error was such that it materially affected the trial court's just and right division of the community estate, we remanded the entire community estate for a new division of the property. <u>Id</u>. at *35-36.

On remand, the trial court sustained Leanne's objections to the introduction of new evidence regarding the proper characterization of the horses. The trial court explained that its ruling was necessitated because the original trial court found the horses to be community property and this finding was affirmed by this Court in <u>Collier I</u>. Greg requested and was allowed to make an offer of proof regarding the proper characterization of the horses. Subsequently, Greg offered evidence regarding a lien against the horses. Leanne objected to this evidence on the basis that the lien was a separate property debt and that the trial court's finding that the horses were valued at $520,000 was affirmed by this Court in <u>Collier I</u>. The trial court sustained Leanne's objection. As to the value of the horses awarded to Greg, Greg made another offer of proof regarding the lien against the horses. Later, Greg attempted to elicit testimony regarding the value of Lea Acres, Inc., at the time of the trial court's division of the community estate. Leanne objected to this questioning on the basis that the trial court had already found that the shares of Lea Acres, Inc., were valued at $1,000, and this finding was not appealed by Greg in <u>Collier I</u>. The trial court sustained the objection,

3

but let Greg make another offer of proof regarding the value of the shares of Lea Acres, Inc.

On December 9, 2011, the trial court entered its final decree of divorce after hearing on remand. As relevant to this appeal, this decree essentially mirrors the decree reviewed by this Court in Collier I except that it removes an award of a 2006 GMC Sierra pick up to Leanne,[2] made Greg responsible for two credit card debts that had been previously assessed against Leanne, made Greg responsible for two additional debts, awarded a judgment against Greg and in favor of Leanne for $200,000 with five percent per annum interest, and denied both parties' claims for reimbursement.

From the divorce decree entered after remand, Greg appeals. By his first issue, Greg contends that the trial court abused its discretion in denying admission of evidence related to the characterization of the horses as separate property. By his second issue, Greg contends that the trial court erred by basing its findings of fact and conclusions of law regarding the characterization and value of the horses and the value of Lea Acres, Inc., on prior findings of the trial court which were not part of the record on remand. By his third issue, Greg contends that the evidence on remand was legally or factually insufficient to support the trial court's findings regarding the character and value of the horses and the value of Lea Acres, Inc. Leanne responds contending that the issues challenged by Greg in this appeal exceed the scope of the remand in Collier I and are barred from relitigation by the law of the case doctrine, and that the trial court did not improperly rely on the initial trial court's findings and statements made by this Court in its Collier I opinion.

_____

[2] The original decree's award of this truck to Leanne appears to have been in error since that decree also awarded the truck to Greg.

4

Scope of Remand

Due to the property issues raised by Greg, the dispositive issue in this appeal is the scope of this Court's remand in Collier I. Our opinion in Collier I concludes that the trial court erred in awarding Leanne $100,000 as reimbursement for community contributions to Greg's separate property, that this erroneous award materially affected the just and right division of the community, and that the entire community estate must be remanded for a new division of the community. Id. at *35-36. Consequently, our opinion and mandate expressly reversed and remanded the just and right division of the community estate. Id. at *37. Greg contends that our reversal and remand of "the entire community estate for a new division" entitled him to a new trial on all community property division issues. We disagree.

As an initial matter, we note that the factual determinations of the character and value of property are distinct from the judicial determination of the just and right division of the community estate. See Cockerham v. Cockerham, 527 S.W.2d 162, 173 (Tex. 1975); Marr v. Marr, 905 S.W.2d 331, 333-34 (Tex.App.—Waco 1995, no writ). Thus, our remand of the just and right division of the community estate in Collier I simply remanded the judicial issue of the appropriate division of the community to the trial court. However, as the task that we remanded to the trial court was to divide the "entire community estate" in a just and right manner, it was necessary that the "entire community estate" be remanded and subjected to the new division. See Jacobs v. Jacobs, 687 S.W.2d 731, 732-33 (Tex. 1985) (citing McKnight v. McKnight, 543 S.W.2d 863, 867 (Tex. 1976), for proposition that remand for new just and right division of community estate must be by remand of the entire community estate rather than

5

remand of specific properties). As such, our remand of "the entire community estate for a new division of the property," see Collier, 2011 Tex.App. LEXIS 13, at *35-36, did not entitle Greg to a new trial as to all property issues.

This Court's reversal and remand of the division of the community estate in Collier I was necessitated solely by our determination that the trial court had made an erroneous reimbursement award of $100,000. A court of appeals cannot make original findings of fact; it can only unfind facts. Tex. Nat'l Bank v. Karnes, 717 S.W.2d 901, 903 (Tex. 1986); Halbert v. Halbert, 794 S.W.2d 535, 537 (Tex.App.—Tyler 1990, no writ). Clearly, our opinion in Collier I unfound the trial court's determination that Leanne was entitled to a $100,000 award as reimbursement to the community. See Collier, 2011 Tex.App. LEXIS 13, at *35-36. Further, our opinion in Collier I affirmed "all other" property issues decided by the divorce decree. See id. at *37. One common means by which a trial court's just and right division of a community estate can constitute an abuse of discretion is when it was based on an erroneous factual determination regarding the character or value of specific property. See Jacobs, 687 S.W.2d at 732-33 (remanding entire community estate for a new division due to erroneous reimbursement awards and characterizations of specific properties); McKnight, 543 S.W.2d at 868 (error in characterizing partnership interest required remand of the community estate for a new division). In such instances, a remand of the community estate for a new division necessarily includes a remand of those specific factual determinations which led the appellate court to determine that the just and right division of the community estate was an abuse of discretion. Consequently, as applicable to the present case, our unfinding of the trial court's $100,000 reimbursement award in Collier I necessarily remanded the issue of reimbursement to the trial court.

6

That <u>Collier I</u> remanded the parties' reimbursement claims and the entire community estate for a new just and right division is not disputed by the parties. Rather, the dispute arises regarding whether our remand in <u>Collier I</u> went beyond these issues and remanded all property issues for a new trial. Greg's current appeal specifically challenges the trial court's refusal to reconsider the character and value of the horses awarded to Greg in the first divorce decree, and the value of Lea Acres, Inc. As these are the specific property issues raised by Greg in this appeal, we will limit our discussion of the scope of the remand in <u>Collier I</u> to whether it encompassed these issues.

In <u>Collier I</u>, Greg specifically challenged the trial court's characterization of the horses as community property. <u>See</u> <u>Collier</u>, 2011 Tex.App. LEXIS 13, at *26-27. We held that Greg failed to meet his burden to overcome the statutory presumption that the horses were community property. <u>Id</u>. at *27. Greg also specifically challenged the trial court's finding that the horses awarded to Greg were valued at $520,000. <u>Id</u>. at *27. We held that there was record evidence which supported the trial court's valuation of the horses and that Greg failed to establish that the trial court abused its discretion in its valuation of the horses. <u>See</u> <u>id</u>. at *29-30. Finally, we note that Greg wholly failed to challenge the valuation of Lea Acres, Inc., by his appeal in <u>Collier I</u>.

When an appellate court is presented with a sufficiency challenge to a trial court's specific factual determination, the appellate court affirms the factual determination, and the affirmation is not appealed to the Texas Supreme Court, that factual determination becomes the law of the case and governs all subsequent proceedings. <u>See</u> <u>Weynand v. Weynand</u>, 990 S.W.2d 843, 845 (Tex.App.—Dallas

7

1999, pet. denied) (affirmed factual determinations of existence and character of stock that was not appealed to Texas Supreme Court constitutes law of the case and governs all subsequent proceedings); Lee v. Lee, 44 S.W.3d 151, 154 (Tex.App.—Houston [1st Dist.] 2001, pet. denied). In the present case, this Court affirmed the trial court's characterization and valuation of the horses over Greg's challenge to the sufficiency of the evidence. See Collier, 2011 Tex.App. LEXIS 13, at *27, *29-30. Greg did not appeal these holdings to the Texas Supreme Court. As such, these factual determinations became the law of the case and the trial court could not alter them on remand. Similarly, Greg's failure to appeal the trial court's determination of the value of Lea Acres, Inc. in the first appeal meant that it was a factual determination which was affirmed by this Court in Collier I. See id. at *37 ("In all other respects, we affirm the divorce decree.").

Greg argues that the law of the case doctrine does not apply to the factual issues of the characterization and value of the horses because the law of the case of doctrine applies only to questions of law. See Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986); Lifshutz v. Lifshutz, 199 S.W.3d 9, 20 (Tex.App.—San Antonio 2006, pet. denied). We agree with Greg that issues of characterization of property and valuation of property are factual issues at trial. See Cockerham, 527 S.W.2d at 173; Marr, 905 S.W.2d at 333-34. However, our review of the trial court's characterization and valuation determinations in Collier I was under an abuse of discretion standard. See Collier, 2011 Tex.App. LEXIS 13, at *21-36. Review of a trial court's action under an abuse of discretion standard is a question of law. In re B.G.D., 351 S.W.3d 131, 145 (Tex.App.—Fort Worth 2011, no pet.) (citing Landerman v. State Bar of Tex., 247 S.W.3d 426, 433 (Tex.App.—Dallas 2008, pet. denied)). Thus, our determination that

8

the trial court did not abuse its discretion in characterizing and valuing the horses in <u>Collier I</u> was the resolution of a question of law to which the law of the case doctrine applies.

Due to our resolution of the scope of our remand in <u>Collier I</u>, Greg has failed to allege error relating to any issue that was properly before the trial court on remand. As such, his appeal presents nothing for our review.

## Conclusion

Having determined that Greg's appeal of the divorce decree entered after hearing on remand fails to present any issues that were properly before the trial court, we affirm the judgment of the trial court.

Mackey K. Hancock<br>
Justice

Campbell, J., concurring.